In the Matter of PENN CENTRAL
TRANSPORTATION COMPANY,
Debtor.

Appeal of STATE OF NEW YORK,
71–1066.

Appeal of STATE OF NEW JERSEY,
71–1151.

Nos. 71–1066, 71–1151.

United States Court of Appeals,
Third Circuit.

Argued Nov. 29, 1971.

Decided Dec. 28, 1971.

Vincent P. Molineaux, Asst. Atty. Gen., State of N. Y., Dept. of Law, Albany, N. Y., for appellant.

Edwin P. Rome, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Shortly after the trustees were appointed to reorganize Penn Central Transportation Company, it became apparent that anticipated revenues from company operations and other sources would be insufficient to meet its current operating obligations. A substantial part of its current obligations consists of tax assessments levied by various states and their municipalities on property owned or leased by Penn Central. Annually these assessments approximate $64,000,000.

In an attempt to maintain rail service despite the foreseeable operating deficit, the trustees petitioned the reorganization court for authority to defer their obligation to pay property taxes accruing since the beginning of the reorganization. During the hearing on their petition, the trustees presented cash-flow projections, affidavits and other exhibits. These indicated that a deferral of such taxes was mandatory if other current operating expenses such as payroll, fuel and maintenance obligations were to be met. On the basis of this evidence the district court found that it would be "impossible for [Penn Central] to pay any substantial part of its tax liability by December 31, 1970." Neither appellant disputes that finding. The court then entered Order No. 70 directing the trustees to make no payment of taxes until further order and enjoining all governmental entities from taking any action involving seizure, foreclosure, or a tax sale. The only exceptions to the order authorized payment of all payroll and withholding taxes as well as all current taxes owed taxing entities which filed proof that the company's unpaid tax liability to such entity equaled or exceeded 15% of that entity's current annual budget.

The states of New Jersey and New York have appealed Order No. 70 on behalf of themselves and their respective municipalities asserting tax assessments against Penn Central.

■■ The principal issue to be considered is whether the reorganization court was empowered pursuant to the Bankruptcy Act to authorize the trustees in reorganization to defer temporarily the payment of property taxes accruing during the reorganization and to enjoin appellants from instituting any self-help measures to collect their respective assessments. Since they accrued during reorganization the taxes here at issue are administrative expenses entitled ultimately to share pro rata with all claims within the first priority classification under section 64 of the Act, 11 U.S.C. § 104. Pro rata participation, however, does not necessarily imply that all claims are entitled to simultaneous participation. To so hold would unduly impair the flexibility so essential to a reorganization proceeding. As noted by the Supreme Court in Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry., 294 U.S. 648, 676, 55 S.Ct. 595, 606, 79 L.Ed. 1110 (1935), which involved the authority of a reorganization court to enjoin foreclosure by creditors against secured collateral:

"It may be that in an ordinary bankruptcy proceeding . . . an injunction . . . would not be sustained. . . . But a proceeding under § 77 is not an ordinary proceeding in bankruptcy. It is a special proceeding which seeks only to bring about a reorganization, if a satisfactory plan to that end can be devised. And to prevent the attainment of that object is to defeat the very end the accomplishment of which was the sole aim of the section, and thereby to render its provisions futile."

After due inquiry the district court concluded in effect that immediate pay-

ment of the property taxes in question would probably defeat the reorganization. It therefore decided that under the circumstances the only viable recourse was to postpone such payment for a reasonable time, taking into consideration the competing public interests inherent in reorganizing the railroad and in maintaining the revenues of the various taxing entities affected by the injunction. Appellants do not point to any record basis which would suggest that ultimately the company's assets will be inadequate to meet in full the reasonably foreseeable first priority claims. *Cf.* Lowden v. Northwestern Nat'l Bk. & Trust Co., 84 F.2d 847, 855 (8th Cir.), cert. denied, 299 U.S. 583, 57 S.Ct. 109, 81 L.Ed. 430 (1936). Under these circumstances we conclude that section 77 did authorize the reorganization court to enjoin temporarily the payment or collection of the assessed property taxes. *Cf.* Southern Ry. Co. v. United States, 306 F.2d 119, 130 (5th Cir. 1962). *See also* Gardner v. New Jersey, 329 U.S. 565, 577, 67 S.Ct. 467, 91 L.Ed. 504 (1947).[1]

■ Likewise we sustain that part of the reorganization court's order authorizing the trustees to pay all employment taxes and any tax assessments levied by a taxing entity which filed proof that Penn Central's unpaid tax liability for the current year equaled or exceeded 15% of such entity's current annual budget. Although the briefs are by no means explicit on this point, appellants apparently contend that this part of the court's order discriminated among the company's various tax obligations and thereby effected a priority among claims within a given class in violation of the Bankruptcy Act. See New Jersey v. Anderson, 203 U.S. 483, 489, 27 S.Ct. 137, 51 L.Ed. 284 (1906). In this regard suffice it to emphasize that Order No. 70 authorized only temporary injunctive relief. *Compare* In Re West Coast Cabinet Works, 92 F.Supp. 636, 668 (S.D. Cal.1950). It did not purport to disallow appellants' claims. *Compare* Arkansas Corp. Comm. v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244 (1941). Nor did it decide to any extent appellants' participation in a plan of distribution. *Compare* New Jersey v. Anderson, *supra*. Furthermore, there is no evidence that the assets of the company are insufficient ultimately to satisfy appellants' assessments which have occurred during reorganization. Absent such evidence we do not agree that the postponement provided for by Order No. 70 established a priority among the claims within a particular class.

We do have some reservations concerning the failure of the reorganization court to specify a date in its order for a hearing to review the propriety of continuing to enjoin the payment or collection of the specified tax assessments. However, the record evidences an awareness by the court of its duty to reassess continually the progress of the reorganization in light of the financial circumstances of the various taxing entities here represented and to terminate the injunction at the earliest feasible date. We are confident that the district court, with the assistance of the trustees, will discharge that obligation.

The order of the district court will be affirmed.

1. The Court in Michigan v. Michigan Trust Co., 286 U.S. 334, 345, 52 S.Ct. 512, 76 L.Ed. 1136 (1932), states in dicta that a receiver is under a duty to pay tax assessments *when they accrue. See also* New Jersey v. Anderson, 203 U.S. at 489, 27 S.Ct. 137. However, we do not interpret these cases to foreclose a reorganization court from temporarily postponing the trustee's obligation to perform that duty. *Cf.* Gardner v. New Jersey, 329 U.S. at 577, 67 S.Ct. 467; Continental Illinois National Bk. & Trust Co. v. Chicago Rock Island & Pacific Ry., 294 U.S. at 676, 55 S.Ct. 595.