**In re WESTERN FARMERS ASSOCIATION, a Washington agricultural cooperative, et al., Debtor.**

**Bankruptcy No. 79–02143.**

United States Bankruptcy Court, W. D. Washington.

July 24, 1981.

---

11. *Hanser v. State*, 217 Wis. 587, 592, 259 N.W. 418 (1935); *Stecher v. State*, 202 Wis. 25, 29, 231 N.W. 168 (1930).

This Chapter 11 case was filed on December 10, 1979. Shortly thereafter, the debtor commenced an action to allow denial of rights of reclamation held by various parties under Section 2–702 of the State of Washington Uniform Commercial Code (RWC 62.A2–702) and to grant in lieu thereof, priority claims as administrative expenses as provided in Section 546(c) of the Bankruptcy Code. After extensive litigation, nineteen of the reclaimants, whose claims total approximately $500,000, were granted a priority as an administrative expense secured by a lien on the debtor's real estate holdings. The facts and the Court's legal conclusions are set forth and detailed in prior opinions, see *In re Western Farmers Association*, 6 B.C.D. 1291, 1294, 6 B.R. 432 (Bkrtcy.W.Va.1980). To date, the administrative expenses so granted have not been paid.

On May 1, 1981, the debtor-in-possession filed its eighth application for authority to pay interim fees and costs to professional parties for services rendered in the period from November 1, 1980, through February 28, 1981. The first seven applications resulted in the award and payment of interim expenses of $1,173,212. The current application includes the following parties who have rendered services and the amounts sought by each:

Charles R. Ekberg, Lane, Powell, Moss & Miller, Seattle, Wash., for debtor, Western Farmers Assn.

George Frasier, Riddell, Williams, Ivie, Bullitt & Walkinshaw, N. Michael Hansen, of U.S. & Securities & Exchange Commission, Seattle, Wash., Marianne McGettigan and Kathleen Spong, Asst. Attys. Gen., State of Washington, Dept. of Agriculture, Olympia, Wash., for Spokane Bank for Cooperatives.

Marc Stern and Bruce T. Thurston, Seattle, Wash., for Pfizer, Inc.

## OPINION RE PAYMENT OF INTERIM COMPENSATION

SAMUEL J. STEINER, Bankruptcy Judge.

### NATURE OF CONTROVERSY AND FACTS

The issue before the Court is whether an administrative expense awarded under Section 546(c) of the Code has a parity as to payment with other administrative expenses.

| | |
|---|---:|
| Lane, Powell, Moss & Miller, attorneys for the debtor and debtor-in-possession | |
|     Interim fee | $ 58,038.00 |
|     Costs | 4,858.53 |
| Gendel, Raskoff, Shapiro & Quittner, attorneys for the debtor and the debtor-in-possession | |
|     Interim fee | 53,166.00 |
|     Costs | 3,643.09 |
| Milliman & Roberts, Inc., consulting actuaries for debtor-in-possession | |
|     Interim fee | 16,415.25 |
| Christensen, O'Connor, Johnson & Kindness, special counsel as to patent and trademark matters | |
|     Interim fee | 851.64 |
| Tuttle & Taylor, Inc., special counsel as to tax and corporate matters | |
|     Interim fee | 7,972.50 |
|     Costs | 1,010.03 |
| Sax & McIver, special counsel for collection matters | |
|     Interim fee | 5,156.70 |

After notice to creditors, a hearing was held at which the applicants, with the exception of Tuttle and Taylor, Inc., testified in support of the application. The Court found and concluded that the various professional services were necessary, had been properly performed and that the amounts requested were reasonable. However, Pfizer, Inc., one of the parties who had been granted an administrative expense under Section 546(c), objected to the payment of any interim allowances on the ground that such payments at this time would effectively prefer one group of creditors entitled to an administrative expense over another group of creditors of the same class.

At this stage of the case, the debtor has not filed a plan of reorganization and has not obtained a commitment for the funds necessary to finance a plan. There is considerable doubt if a plan will ever be filed, and there is more than a possibility of the eventual conversion of the case to a Chapter 7. In the event the matter ends in a liquidation, the debtor's assets may not be sufficient to satisfy the secured claim of the Spokane Bank for Cooperatives in which case all other lien claims and claims for administrative expenses would be worthless.

## DISCUSSION

There are several Code sections which are applicable to the issue but which are hardly of assistance in resolving it. Section 330 states the terms for allowing compensation to officers of the Court. The section's legislative history and commentary discuss the abandonment of the economy standard and little else. Section 331 permits interim compensation, but its purpose is to establish that interim allowances may be made.

Section 503(b) lists the usual expenses of administration that may be allowed, and Section 507(a) provides that administrative expenses allowed under 503(b) are entitled to a first priority of payment. Section 726(b) requires that when there are inadequate funds in an estate to pay the holders of all claims of a particular class in full, the claims are to be paid pro rata.

Section 546(c) also provides for an administrative expense but makes no reference to Sections 503(b) and 507(a). Similarly, Sections 503(b) and 507(a) fail to mention Section 546(c).

Section 546(c) implies that the granting of the administrative expense can be used as a device to delay the necessity for payment by the debtor to the end of the case. On the other hand, Section 331 obviously provides that some administrative expenses can be paid during the progress of the case. However, is it proper to pay some administrative expenses during the course of a case when others remain unpaid and may never be paid because of the possibility that the matter will end in a liquidation with the debtor's assets being insufficient to pay all of the expenses incurred? The answer involves both legal and policy considerations.

■ First, it is clearly the law, and counsel for the debtor agree, that all administrative expenses are on a parity as to payment: *In re Columbia Ribbon Co.*, 117 F.2d 999 (3rd Cir. 1941); *United States v. Killoren*, 119 F.2d 364 (8th Cir. 1941); *United States v. Kalishman*, 346 F.2d 514 (8th Cir. 1965); and *Collier on Bankruptcy*, 15th Ed., Vol. 3, Section 503.04.

Second, it is obviously the intent of the Code to facilitate reorganization, which requires competent legal representation for debtors. Such a policy would be well served by allowing the payment of the interim expenses sought here.

Third, there is another factor which dictates that the interim allowances not be paid at this time. Simply stated there is more than a possibility in this case that a plan will not be filed, that the secured creditor will exhaust all of the assets, and that there will be nothing left to pay other expenses. Counsel for the debtor argue that a trustee could demand the return of the earlier payments. However, such efforts would undoubtedly be costly, time consuming and of doubtful result.

In cases decided under the Bankruptcy Act, i. e., *In re Penn Central Transportation Co.*, 452 F.2d 1107 (3rd Cir. 1971); *In the*

*Matter of Reading Co.*, 439 F.Supp. 389 (E.D.Pa.1977); and *In re Standard Furniture*, 6 B.C.D. 270, 3 B.R. 527 (Bkrtcy.S.D. Cal.1980), the courts allowed certain administrative expenses to be paid at a time different from the rest. However, in each of those cases the court found (at a minimum) that there was no record basis which would suggest that ultimately the debtor's assets would be inadequate to meet in full all of the reasonably foreseeable first priority claims.

In *National Buy-Rite, Inc.*, 10 B.R. 380 (Bkrtcy.N.D.Ga.1981), the attorney for the debtor filed an application for fees and received an award of $500. The order did not specify the time of payment. The attorney then requested immediate payment whereupon it developed that the total administrative expenses would exceed the assets of the estate. The Court held:

"When there are inadequate funds in an estate to pay the holders of claims of a particular class in full, the claims are paid pro rata. 11 U.S.C. Section 726(b). In the instant case the claim for administrative expenses will have to be paid pro rata for the amount of the claim to the trustee's attorneys alone exceeds the fund available for distribution. In this situation it would be inequitable to allow Siler to receive payment in full of his claim at this time."

■ Accordingly, this Court concludes that notwithstanding the fact that payment of an expense of administration awarded under Section 546(c) of the Code may be deferred to the conclusion of the case, such an expense is on a parity with all other administrative expenses. The Court further concludes that when a debtor's assets may not be sufficient to pay all expenses of administration in full, it is improper, except as indicated below, to pay one such expense during the progress of the case and to defer payment of another expense of the same class to a later time.

Counsel for the debtor also argue that every time a debtor-in-possession pays an employee his or her wages, or pays a utility bill, or pays any other obligation incurred in the normal operation of its business, it is paying an expense of administration; and if such expenses are not paid as they arise, the Chapter 11 system will not work. The logic of the argument is obvious. Chapter 11 clearly implies that a debtor-in-possession has the authority to pay and must pay debts incurred in the ordinary course of its business whether they are called expenses of administration or something else. However, the controversy before the Court arises from an application which involves in part the fees of professionals who have provided services to the debtor, not the *debtor-in-possession;* and there is no basis on which the services rendered to date on behalf of the debtor can be equated to debts incurred in the ordinary course of the debtor-in-possession's business.

The argument is also made that the failure to pay interim compensation deprives the debtor of adequate representation. In the past, this Court has stated that it is proper in lengthy Chapter 11 cases to allow full interim compensation. However, the facts of this case show there may be a shortfall of funds necessary to pay all administrative expenses in full. Further, there is nothing in the record which tends to establish that counsel for the debtor will give up because of the Court's rulings. Attorneys who specialize in bankruptcy matters have often worked (particularly under the Bankruptcy Act) on cases for extended periods of time without interim compensation. The current situation is not novel.

■ The Court further notes that in the nineteen months this case has been pending no effort has been made to determine the value of the debtor's assets. It might well be that the assets are sufficient to satisfy the secured claim of the Spokane Bank for Cooperatives and all anticipated expenses of administration. However, until such a determination is made, interim compensation cannot be paid.

The Bank has expressed the concern that if the reclaiming administrative expenses are paid before the end of the case, the reclaimants might achieve priority over its secured claim. In view of the fact that the

Bank joined with the debtor in seeking that the claims be reduced to an administrative expense, has to date consented to the payment of over $1,100,000 of administrative expense, has consented to the payment of the present application which totals $151,111.74 and has made no effort to determine the value of its collateral, its position is difficult to understand.

## CONCLUSION

Based upon the foregoing, the Court concludes as follows:

1. All expenses of administration, including those granted under Section 546(c) are on a parity.

2. When there is the possibility that the assets of the estate will not be sufficient to cover all expenses of administration, it is legally improper to pay one expense of the debtor or debtor-in-possession before paying another, except those incurred in the ordinary course of the debtor-in-possession's business operation.

3. Lane, Powell, Moss and Miller and Genel, Raskoff, Shapiro and Quittner will be awarded interim compensation and reimbursement of costs as prayed. However, the sums so awarded will not be paid until such time as the administrative expense awarded under Section 546(c) to Pfizer, Inc., and to other claimants similarly situated are paid.

4. Milliman and Robertson, Inc., the debtor-in-possession's actuaries, will be awarded compensation in the sum of $16,451.25. Inasmuch as the services were rendered in the ordinary course of the debtor-in-possession's business, the award will be paid at this time.

5. Christenson, O'Connor, Johnson and Kindness, special counsel as to patent and trademark matters, and Sax and McIver, the debtor's special counsel for collection matters, will be awarded interim compensation and reimbursement of costs as prayed. The services included in the application which were rendered in the ordinary course of the debtor-in-possession's business will also be paid at this time. The services

included in the application which were not rendered in the ordinary course of the debtor-or-in-possession's business will not be paid until such time as the administrative expense awarded under Section 546(c) to Pfizer, Inc., and to other claimants similarly situated are paid.

6. Counsel for Pfizer, Inc., will prepare and present an appropriate Order.