In re Nathaniel PELZER, Debtor.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,**

v.

**Nathaniel PELZER and Claudia Pelzer, h/w and Margaret Graham, Trustee, Defendants.**

Bankruptcy No. 80–02844G.

Adv. No. 81–0930G.

United States Bankruptcy Court, E. D. Pennsylvania.

Oct. 16, 1981.

Louis W. Fryman, Philadelphia, Pa., for plaintiff, Federal Nat. Mortgage Assn.

Perry L. Crutchfield, Philadelphia, Pa., for debtor, Nathaniel Pelzer.

Margaret Graham, Philadelphia, Pa., Trustee (resigned).

James J. O'Connell, Philadelphia, Pa., Trustee.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge:

The issue presented herein is whether the defendants have sustained their burden of establishing at the preliminary hearing held herein that they have a reasonable likelihood of prevailing at the final hearing under § 362(d). We conclude that the defendants have failed to carry that burden and that the plaintiff is, therefore, entitled to relief from the automatic stay pursuant to § 362(e).

The facts of the instant case are as follows:[1] Federal National Mortgage Association ("the plaintiff") is the holder of a valid and perfected assignment of a purchase money mortgage on premises located at 2834 South Marshall Street, Philadelphia, Pennsylvania, and owned by Nathaniel and Claudia Pelzer ("the defendants"). On November 3, 1980, Nathaniel Pelzer filed a petition for an adjustment of his debts un-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

der chapter 13 of the Bankruptcy Code ("the Code"). On July 28, 1981, the plaintiff filed a complaint against Nathaniel Pelzer and his wife seeking relief from the automatic stay to permit it to proceed with mortgage foreclosure proceedings against the above property.[2] A preliminary hearing under § 362(e) of the Code was held herein on August 25, 1981.

At that hearing, the plaintiff offered evidence that the defendants had not made a mortgage payment to the plaintiff since March, 1979, and that Nathaniel Pelzer had filed three petitions under the Code on the eve of scheduled sheriff's sales of the above property. The two prior petitions had been dismissed for failure to file the required documents or for failure to make the payments required by their chapter 13 plan. The plaintiff asserted that, on the basis of those facts, it is entitled to relief from the automatic stay "for cause" pursuant to § 362(d)(1).[3]

In response, the defendants asserted that they had equity in the property and that they had been making the current mortgage payments since the inception of the latest chapter 13 petition. The defendants failed, however, to offer any evidence in support of their assertions. We conclude that the mere assertions of the defendants fail to sustain their burden of proof in this case and that, consequently, the plaintiff is entitled to relief from the stay.

Section 362(g) deals with the allocation of the burden of proof in a case under § 362 of the Code and provides:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

In this case, the hearing held was a preliminary hearing. Section 362(e) provides that at such a hearing the party opposing the modification of the stay needs only to establish that he has a reasonable likelihood of prevailing at the final hearing.[4]

We conclude that the defendants herein have failed to sustain their burden of proof under § 362(e) and (g). We do so because in the instant case the plaintiff is seeking relief from the stay under § 362(d)(1) "for cause" based on the failure of the defendants to make mortgage payments for 29 months and the apparent use by the defendants of the Code merely to delay mortgage foreclosure proceedings. Pursuant to § 362(g), the defendants have the burden of proof on the issue raised by the plaintiff. Yet, they have offered no evidence to support their assertion that they have been making the current mortgage payments since November, 1980. In addition, the defendants have made no other contentions nor offered any other evidence in defense on the issue of "cause" under § 362(d)(1). Thus, in light of the

2. Although Claudia Pelzer is not a debtor herein, she consented to the jurisdiction of this court by appearing at the hearing held herein through her attorney and by failing to object to our exercise of jurisdiction herein. *See, e. g., In re W. T. Grant Company*, 1 B.R. 516 (S.D.N.Y.1979) and cases cited therein.

3. Section 362(d) of the Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) *for cause*, including the lack of adequate protection of an interest in property of such party in interest; *or*

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

4. Section 362(e) provides in pertinent part.

If the hearing under this subsection is a preliminary hearing—

(1) the court shall order such stay so continued if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the final hearing under subsection (d) of this section.

plaintiff's clear and convincing evidence on that issue and in light of the fact that the defendants have the burden of proof under § 362(g) on that point, we conclude that the defendants have failed to sustain their burden of proof on that issue and the plaintiff is, consequently, entitled to the relief requested.

The defendants assert further, however, that they do not have the burden of proof on this issue but rather the plaintiff, as the party seeking some affirmative relief from the court, has the burden of proof. We find the defendants' contention to be totally without merit in light of the clear and unambiguous language of § 362(g).

■ The defendants finally argue that relief from the stay should not be granted because they have equity in their property. Section 362(g) allocates the burden of proof on the issue of equity on the plaintiff. Therefore, since the plaintiff failed to offer any evidence on that point, we must conclude that the plaintiff has failed to sustain its burden of proof on equity and find that the defendants do have equity in the property. However, we further conclude that that fact alone is not sufficient to defeat the plaintiff's entitlement to relief from the stay in the instant case. Clearly, a showing of equity could defeat a request for relief under § 362(d)(2) by the very words of that section and under § 362(d)(1) where the plaintiff alleges lack of adequate protection. *See, e. g., In re Sam Clemente Estates*, 5 B.R. 605, 6 B.C.D. 838, 2 C.B.C.2d 1003 (Bkrtcy.S.D.Cal.1980); *In re Tucker*, 5 B.R. 180, 6 B.C.D. 699, 2 C.B.C.2d 535 (Bkrtcy.S.D.N.Y.1980). However, the fact that the defendants do have equity does not necessarily defeat a request for relief from the stay "for cause" under § 362(d)(1). *See Tucker, supra.*

In the instant case in particular, we conclude that the fact that the defendants have equity in the property does not preclude a finding for the plaintiff herein. This is so because we find that the plaintiff is entitled not only to the adequate protection of its interest in the property (by an equity cushion) but is also entitled to the benefit of the bargain which it made with the defendants—that is, the right to receive periodic payments. It is the deprivation of the latter right which constitutes the "cause" for modifying the stay herein. We will so order.