In re **WILNOR DRILLING, INC.; Mason Oil Company; William R. Mason Petroleum, Inc.; William R. Mason & Elnora D. Mason; Teresella Petroleum; Debtors.**

**Bankruptcy Nos. 82 5240–82 5244.**

United States District Court, S.D. Illinois.

Aug. 4, 1982.

Joel A. Kunin, East St. Louis, Ill. and Leland W. Hutchison, Jr., Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for Wilnor Drilling, Inc.

Ronald L. Pallmann, East St. Louis, Ill. and Nurie & Bucklin, Kalamazoo, Mich., for Lovely, Beach and Hanson.

John Richards Lee, S.E.C., Chicago, Ill., for S.E.C.

Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., Kassly, Bone, Becker, Dix & Tillery, Belleville, Ill., for Official Creditors Committee.

## ORDER

BEATTY, District Judge.

Before the Court is an appeal of the Bankruptcy Court's order denying the motion of Securities and Exchange Commission for reconsideration, entered June 29, 1982. The Bankruptcy Court affirmed its earlier ruling that the fees and expenses of the Investors' Committee will be subordinated to the reasonable fees and expenses of the Creditors' Committee. The issue on appeal is whether the Bankruptcy Court erred in subordinating the fees and expenses of the Investors' Committee to the reasonable fees and expenses of the Creditors' Committee.

On or about November 2, 1981, Wilnor Drilling, Inc., Mason Oil Company, William R. and Elenora D. Mason, and William R. Mason Petroleum, Inc., filed voluntary petitions for a business reorganization pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Sec. 1101 *et seq.* Subsequent to that date, on or about November 30, 1981, Teresella Petroleum, Inc.

also filed for a voluntary petition for a business reorganization under Chapter 11. The Bankruptcy Court appointed a committee of creditors (the Official Creditors' Committee) as required by Section 1102(a)(1) of the Bankruptcy Code. 11 U.S.C. Section 1102(a)(1).

The Securities and Exchange Commission (Commission) filed a motion, on or about March 1, 1982, to appoint a committee of investors. The motion was filed pursuant to Section 1102(a)(2) of the Bankruptcy Code which allows the Court to appoint "additional committees of creditors or equity security holders if necessary to assure adequate representation of creditors or of equity security holders." 11 U.S.C. Section 1102(a)(2).

The Bankruptcy Court determined that the investors who sought to have a committee appointed had interests in various oil wells of the debtors. As a result of these interests, the Bankruptcy Court found that the investors were "creditors" of the debtors as defined in Section 101(9)(A) of the Bankruptcy Code, 11 U.S.C. Section 101(9). By the order of March 23, 1982, the Bankruptcy Court granted the motion of the Commission to allow a separate committee (the Official Investors' Committee) to assure adequate representation and protection of the investors' interests. However, the Bankruptcy Court held that the expenses and fees of the Investors' Committee should be subordinated to the reasonable fees and expenses of the Creditors' Committee to assure the proper functioning of the Creditors' Committee.

The Commission filed a motion to reconsider the portion of the March 23rd order subordinating the fees and expenses of the Investors' Committee. The Bankruptcy Court denied the motion for reconsideration by memorandum order issued June 29, 1982. The Court stated that the Creditors' Committee is a mandatory committee under the Code, while the Investment Committee is only discretionary. *See* 11 U.S.C. Section 1102(a)(1), (a)(2). The Court further noted that since it is Congress' intent to make the Creditors' Committee the principal committee, then it is reasonable to subordinate the fees and expenses of other committees to the reasonable fees and expenses of the Creditors' Committee. The Court held that "(t)he only reason the fees and expenses of the Investors' Committee were subordinated to the reasonable fees and expenses of the Creditors' Committee was to admonish the Investors' Committee that the Court would *equitably subordinate* (emphasis added) their fees and expenses in the event there were not enough assets to cover all of the reasonable fees and expenses." June 29th Order.

 We respectfully reverse the decision of the Bankruptcy Court to subordinate the fees and expenses of the Investors' Committee to the reasonable fees and expenses of the Creditors' Committee for two reasons. First, the Bankruptcy Court should not fix priorities of payment within the same class when Congress has not set up an order of priority. *In Re Columbia Ribbon Co.,* 117 F.2d 999, 1001 (3rd Cir.1941). Second, three conditions must be satisfied before a Court should equitably subordinate one claim to another claim. *Matter of Mobile Steel Co.,* 563 F.2d 692 (5th Cir.1977).

 It is well established that "(t)he courts of bankruptcy are courts of equity and exercise all equitable powers unless prohibited by the Bankruptcy Act." *Young v. Higbee Company,* 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890 (1945). The proceedings of the Court are inherently proceedings in equity. *In Re: Jewish Memorial Hospital* 13 B.R. 417 (Bkrtcy.S.D.N.Y.1981). "(T)he bankruptcy court has the power to shift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). The priorities for payment of expenses and claims are set forth in Section 507(a) of the Bankruptcy Code. *See* 11 U.S.C. Section 507(a). While Congress has set the order of priorities payment under the Bankruptcy Act, strict adherence to the order is not always necessary. The Bankruptcy Act does not establish inexorable rules of priority and distribution. The

Bankruptcy Court may deviate from the rules in the interest of justice and equity. *Home Indemnity Company v. F.H. Donovan Painting Company,* 325 F.2d 870 (8th Cir. 1963). However, the Court should not use this flexibility merely to establish a ranking of priorities within priorities. *In Re: Jewish Memorial Hospital, supra* at 421.

The Bankruptcy Court appointed both the Creditors' Committee and the Investors' Committee. 11 U.S.C. Sec. 1102. The fees and expenses of both committees are included as administrative expenses defined by Section 503(b)(2) of the Bankruptcy Code. 11 U.S.C. Section 503(b)(2). As a result of being administrative expenses, the fees and expenses of both committees constitute the first priority of payment under the Bankruptcy Code. 11 U.S.C. Section 507(a)(1). Section 507(a)(1) of the Bankruptcy Code does not set forth a priority of payment within the first class. By subordinating the fees and expenses of the Investors' Committee to the reasonable fees and expenses of the Creditors' Committee, the Bankruptcy Court has set up a priority within the class of administrative expenses. "Since Congress has set up no order of priority within the first class the Court may not fix priorities within the class." *In Re Columbia Ribbon Company, supra* at 1001. The fact that the Creditors' Committee is a mandatory appointment while the Investors' Committee is only a discretionary appointment is not sufficient reason for equitable subordination. Since the fees and expenses of both committees are in the class of administrative expenses, they are on parity as to payment. *In Re Western Farmers Association,* 13 B.R. 132 (Bkrtcy.W.D.Wash. 1981). The Bankruptcy Code does not make any distinction between a mandatory committee (11 U.S.C. Section 1102(a)(1)) and a discretionary committee (11 U.S.C. Section 1102(a)(2)) when describing the powers and duties of the committees in Section 1103 of the Bankruptcy Code. 11 U.S.C. Section 1103. Thus, Congress' intention is not to differentiate between the two types of committees. This idea must be inferred to the payment of priorities. The two claims are of the single class of administrative expenses and are of equivalent priority in the class. *Missouri v. Ross,* 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46 (1936). Therefore, if there is the possibility that there are not sufficient assets to pay all the costs of administration, then it is legally improper to subordinate the fees and expenses of the Investors' Committee to the fees and expenses of the Creditors' Committee. *In Re Western Farmers Association, supra* at 136.

The Bankruptcy Court has the equitable power to disallow or subordinate a particular claim because of the fraudulent nature of the claim or bad faith or improper conduct of the claimant. *In Re Columbia Ribbon Company, supra* at 1002. The Court must find that actions or conduct by the claimant has harmed the debtor or other creditors in some way so that equity and fairness justify equitable subordination. *In Re Ahlswede,* 516 F.2d 784 (9th Cir.1975). Furthermore, a three part criteria has been promulgated as a guideline to use in deciding whether a claim should be subordinated:

"(i) The claimant must have engaged in some type of inequitable conduct (ii) The misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant (iii) Equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act. (citations omitted)."

*Matter of Mobile Steel Co.,* 563 F.2d 692 (5th Cir.1977).

The Court cannot find any reason that justice and equity will be served by subordinating the fees and expenses of the Investors' Committee to the reasonable fees and expenses of the Creditors' Committee. The Investors' Committee claim to reasonable fees and expenses is not fraudulently represented through bad faith or inequitable conduct. Similarly, the Investors' Committee did not engage in any conduct which caused harm or injury to the debtors or other creditors, rendering to them an unfair advantage. Finally, the Bankruptcy Code does not contain any express or implicit authority to subordinate the fees and ex-

penses of a mandatory committee to the fees and expenses of a discretionary committee. In fact, the Bankruptcy Code does not differentiate between the two types of committees in any respect. See 11 U.S.C. Section 703. Thus, the Bankruptcy Court had no authority to subordinate the Investors' Committee's fees and expenses.

The Bankruptcy Court relied on the rule stated in *Home Indemnity Company v. F.H. Donovan Painting Company, supra* that "[A]ccording to controlling equitable principles, a surety may not share in a bankrupt's assets ahead of or on equal terms with any creditors who are members of the class the surety's bond had been given to protect." 325 F.2d at 875. Home Indemnity Company was surety for labor, material, and performance bonds which were executed by Donovan, a sub-contractor. Donovan subsequently went bankrupt and Home Indemnity Company had to pay $17,474.25 in past due wages to employees of Donovan. Home Indemnity Company's wage claim, a second priority, was subordinated to fourth priority tax claims because of its surety relationship with the debtor.

In the present case, the Investors' Committee is not a surety of investors. The Bankruptcy Court did appoint the Investors' Committee to "protect" the interest of the investors. However, this did not establish a surety relationship between the two. The Investors' Committee is appointed to assure adequate representation of the investors. *See* 11 U.S.C. Section 1102(a)(2). The rule in the *Home Indemnity* case applies only when there is a surety relationship. Since the Investors' Committee is not a surety, the Bankruptcy Court erred in applying the rule in the *Home Indemnity* case pertaining to sureties to the present case.

Accordingly, the Court reverses the portion of the Bankruptcy Court's order which subordinated the fees and expenses of the Investors' Committee to the reasonable fees and expenses of the Creditors' Committee. Since each claim is an administrative expense of the first priority, they will share in the distributions pro rata in the event that there are insufficient assets to satisfy in full all claims in that class. This cause is hereby remanded to the Bankruptcy Court.

IT IS SO ORDERED.