LEVIN H. CAMPBELL, Chief Judge
(Concurring in part and dissenting in part).
I agree with Part I of the court’s opinion denying postpetition interest on prepetition taxes, since that holding appears to conform with the case law. The court’s denial of postpetition interest on postpetition taxes, however, lacks adequate support.
Basically, I find it hard to locate the source of the district court’s power, after having forced a deferral of Cambridge’s taxes, to deprive it of all interest on what was, in effect, a forced loan. I concede that there is now ample authority permitting railroad reorganization courts to cause the deferral of municipal taxes. There is no clear authority, however, empowering the denial of all postpetition interest on post-petition tax claims. Indeed, the Supreme Court has held in a related context that “[s]ince the taxes in question were incurred during the Chapter XI arrangement proceeding itself, the United States was entitled to interest on those taxes for the duration of that period.” Nicholas v. United States, 384 U.S. 678, 689, 86 S.Ct. 1674, 1683, 16 L.Ed.2d 853 (1966).
The case falls under the former section 77 governing railroad reorganizations. That section provided that “the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor’s petition was filed.” 11 U.S.C. § 205(1) (repealed). Nowhere in section 77 are the courts given the power to impair the rights of governmental bodies in the recovery of tax claims against a railroad in reorganization. Indeed, the clear language of the Supreme Court in Nicholas, 384 U.S. at 691, 86 S.Ct. at 1683, states that “the strong policy of section 64a(l) of the Bankruptcy Act ... establishes a sharply defined priority that places all expenses of administration on a party, including claims for taxes.”[1] Although Nicholas applied to a Chapter XI proceeding, the principle of equal treatment of tax claims with other debts[2] seems to be applicable to railroad reorganizations given the absence of any contrary statutory provision.
This court states that “since the court supervising a railroad reorganization is responsible for fostering the public interest in reviving an ailing railroad, it can delay payment of current taxes .... ” This, as I have said, is a well-established principle in railroad reorganizations, but the further *503 point that it “would be unjust to allow interest to accumulate on court-postponed reorganization debts at the expense of other creditors,” does not necessarily follow. The delay of the trustees in paying taxes disadvantaged the city, since payment of other administration debts was apparently not delayed. Thus the equities regarding the payment of interest appear to favor the city because denial of interest only exacerbates the imposition on the city, especially with respect to other claimants for administrative expenses.
The argument that the usual failure to timely pay taxes is due to “the debtor’s own choice” while in this case it is due to the “law’s delay” is not convincing. In Nicholas the Court stated,
To be sure, the amount of interest that accumulates on a debt incurred during a Chapter XI arrangement depends on the duration of a proceeding that takes place under the direction and authority of the bankruptcy court... . But interest claimed on such a debt does not arise through a “delay” of the law in any meaningful sense. The underlying obligation of the debtor in possession is incurred as part of a judicial process of rehabilitation of the debtor that the procedures of Chapter XI are designed to facilitate.
384 U.S. at 684-85, 86 S.Ct. at 1680 (emphasis added). The “law’s delay” in the words of the Court are “legal delays attributable solely to the time-consuming procedures inherent in administration of the bankruptcy laws.” Id. at 683, 86 S.Ct. at 1679 (emphasis added). In Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 163, 67 S.Ct. 237, 240, 91 L.Ed. 162 (1946), the Court stated “[ejxaction of interest, where the power of a debtor to pay even his contractual obligations is suspended by law, has been prohibited .... ” In this case the railroad trustees requested the court to authorize deferred payment of taxes. This was the “trustees’ choice,” but the deferral was approved by the court as part of the attempted rehabilitation of the railroad. See Comment, Bankruptcy — The Penn Central Reorganization — A Reorganization Court Has the Power to Defer Municipal and State Taxes, 26 Rutgers L.Rev. 664, 679 (1973) (railroad reorganization court should award interest on deferred postpetition taxes at the “rate of interest the financial market would have demanded for bearing the risk this deferment entailed”).
The court cites In re New York, New Haven and Hartford Railroad Co., 304 F.Supp. 1121 (D.Conn.1969), in support of the denial of postpetition interest on post-petition taxes. In that ease, the “hopelessly insolvent” railroad was being operated in the public interest[3] and “was for the most part sustained at the expense of the bondholders.” Id. at 1134. The court noted that “interest on unpaid postreorganization state and local tax claims, both secured and unsecured, would normally be paid,” but held that “all considerations compel the disallowance of interest on their claims.” Id. The fact situation in New Haven is thus very different from the present case: in New Haven, all creditors were disadvantaged by the public policy of reorganizing the railroad, whereas in our case the City of Cambridge has taken the greatest loss (e.g., the First Mortgage and Income Bondholders received interest on their claims). The strong equitable concerns present in New Haven are absent from this case.[4]
In re Penn Central, 452 F.2d 1107 (3d Cir.1971), cert. denied, 406 U.S. 944, 92 S.Ct. 2040, 32 L.Ed.2d 331 (1972), supports the proposition that payment of postpetition tax claims can be enjoined to avoid defeating a railroad reorganization. The court *504 held that “the only viable recourse was to postpone such payment for a reasonable time, taking into consideration the competing public interests inherent in reorganizing the railroad and in maintaining the revenues of the various taxing entities affected by the injunction.” Id. at 1109. The court only approved the injunction because (1) the record showed that the assets of the company would be sufficient to meet reasonably foreseeable first priority claims, and (2) the district court was aware of its duty to terminate the injunction at the earliest possible date. The court recognized the need to balance the public policies of saving railroads and of maintaining tax revenues. As the district court in Penn Central said, “[i]t would be inequitable to require these taxing entities to underwrite the reorganization of the debtor, at the expense of the essential public interests they represent. In re Penn Central, 325 F.Supp. 294, 300 (E.D. Pa.1970).
Thus while the power of a court to delay payment of taxes in railroad reorganizations cannot be denied, it is more questionable whether revenue interests of a municipality can be impaired to the degree of forcing a municipality to make an interest-free loan. If, as in New Haven, all creditors are awarded reduced recoveries, then the equitable powers of the court similarly extend to requiring taxing entities to share the burden. Postpetition tax claims are claims of administration, however, and I wonder if such first priority claims can be denied interest absent very special circumstances of a type which do not appear to be present here.

. While the Supreme Court has not decided the issue, the lower courts have held the provisions of section 64 apply in railroad reorganizations. In re New York, O. & W. Ry. Co., 25 F.Supp. 709 (S.D.N.Y.1937); 5 Collier on Bankruptcy ¶ 77.21 (14th ed.).

. During the first half of this century prepetition tax claims were awarded postpetition interest, thus enjoying a favored status vis-a-vis other prepetition claims. This preference was abolished in New York v. Saper, 336 U.S. 328, 337, 69 S.Ct. 554, 559, 93 L.Ed. 710 (1949), in which the Court held that “Congress assimilated taxes to other debts for all purposes, including denial of post-bankruptcy interest [on prepetition debt].”

. Although there is a public interest in operating a bankrupt railroad, under section 77 if the operation of the railroad endangered the constitutional rights of creditors, “the only action open to the court [was] to dismiss the petition, which would in all likelihood be followed by a State court receivership with all its attendant disadvantages.” Historical Note to 11 U.S.C. § 1174.

. The precedential value of New Haven is diminished by the facts that the plan provisions relating to taxes were uncontested and the court’s decision was not appealed.