In re PENN–MAHONING MINING, INC., Debtor.

Bankruptcy No. 1–82–00999.

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 15, 1984.

Charles A. Bierbach, Huntingdon, Pa., for debtor.

Benjamin Novak, State College, Pa., Trustee.

Benjamin Novak, State College, Pa., for trustee.

## MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

On June 11, 1984, the debtor filed objections to the final account of the trustee. The trustee's final account proposed that the balance for distribution, after the payment of administration expenses pursuant to 11 U.S.C. § 503, be divided pro rata among the Internal Revenue Service (IRS),

---

**3.** Which this court would regard as binding at this date.

Pennsylvania Office of Employment Security (O.E.S.) and United States Department of Interior (Interior).

O.E.S. filed an answer to the debtor's objection. The debtors filed a motion for summary judgment, the parties have filed briefs and the matter is ready for determination.

The issue is whether there is a priority scheme of payment for creditors under the various subparagraphs of 11 U.S.C. 507(a) or whether all creditors who have claims under subparagraph 6 are to be paid pro rata.

11 U.S.C. § 507 sets forth the priority of payment of certain claims and expenses. There are six separate enumerated types of claims to be paid in the order set forth under section 507. The first priority payment is for administrative expenses allowed under section 503(b) and fees and charges assessed against the estate under Chapter 123 of Title 28.

Section 507(a)(6) enumerates certain types of claims of governmental units that are entitled to priority. These types are set forth in subparagraphs A through G. The IRS claim is set forth in subparagraph A, the O.E.S. claim in subparagraph D and the Interior in subparagraph E. The debtor argues that there is a priority within 507(a)(6) and thus the IRS must be paid in full before anything could be paid to the O.E.S. The O.E.S. argues that if there is not enough money to pay all of the creditors filing under paragraph (6) of 507 there should be a pro rata distribution.

This court does not accept the debtor's argument. Section 726(b) provides that "payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), or (6) of section 507(a) of this title ... shall be made pro rata among claims specified in a particular paragraph, ..." The obvious intent of this provision is that all the claimants filing under paragraph (1) shall be paid before any claimants under paragraph (6); however, if there is not enough money to pay all of the claimants under a particular paragraph those claimants will share pro rata. Paragraph (6) is included in this scheme of payment and nowhere is there any authority that the claimants filing under paragraph (6) are to be paid in a priority among themselves.

O.E.S. is correct in pointing out that there is no priority given to one administration expense over another under section 503(b) which has six numbered paragraphs setting forth the various types of administration claims given the first priority under section 507. If there is not enough money to pay all administrative claims they are paid on a pro rata basis. *See In re Western Farmers Association,* 13 B.R. 132 (Bankr.W.D.Wash.1981); *In re Wilnor Drilling, Inc.,* 29 B.R. 727 (S.D.Ill.1982).

This court therefore concludes that section 507(a)(6) did not establish an order of priorities among the various subparagraphs, which enumerate the different types of tax claims.