In the Matter of Maurice Dean LIPPLY, Janet Elaine Lipply, Debtors.

**Bankruptcy No. 83–30984.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Jan. 2, 1986.

David A. Rosenthal, Lafayette, Ind., for debtors.

Robert E. Grant, Fort Wayne, Ind., for movant.

## ORDER

ROBERT K. RODIBAUGH, Chief Judge.

The Federal Land Bank of Louisville has applied for relief from the automatic stay or for adequate protection of its contractual rights. The Lipplys contend that the bank is adequately protected by a significant equity cushion and that 'cause' for relief from stay is not present. The parties have submitted the matter to the court on briefs and stipulated facts; it was taken under advisement November 22, 1985.

Land Bank holds a first lien on an 80–acre tract of the Lipplys' real estate due to a promissory note and mortgage executed October 16, 1964. No payments have been made on this obligation since July of 1982.[1] The Lipplys are dairy farmers attempting to reorganize under chapter 11. They have a proposed plan of reorganization on file, but no disclosure statement has been approved. Confirmation of a plan does not appear imminent. Land Bank's lien has a current balance of approximately $16,000, which is significantly less than the value of the collateral which has been stipulated as

---

1. This obligation calls for semi-annual payments of $595.10 on the first day of January and July over a term of 35 years at a fixed rate of 5½% interest.

between $75,000 and $90,000. This tract of land is the location of the dairy barn, feed lot and some pasture area; it is essential to any effective reorganization. The Lipplys have no equity in the property; it is subject to two junior mortgage liens which exceed its value.[2]

11 U.S.C. § 362(d) provides that the court shall grant some form of relief from the automatic stay, such as by terminating, annulling, modifying, or otherwise conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property ...; or

(2) with respect to a stay of an act against property if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Land Bank contends that 'cause' exists for relief from the automatic stay due to the delay in its realization upon its collateral. A long series of cases is cited as authority for the proposition that, "Mere delay is sufficient cause for relief from the automatic stay even where the creditor is adequately protected." A close examination of the cited authority illustrates several attempts to compensate for a fundamental misunderstanding of the 'adequate protection' concept.

Adequate protection is a cornerstone of the bankruptcy process. The concept is derived from the fifth amendment protection of property interests. The intervention of the bankruptcy process should not adversely affect a secured creditor's interest in his collateral. The essential benefits of his bargain are respected. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). The form of this protection may vary.

■■■■ 11 U.S.C. § 361 states adequate protection may be provided by—

(1) requiring [compensation] to the extent that the stay ... results in a de-

crease in the value of such entity's interest in such property;

(2) providing [a] lien to the extent that such stay ... results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief ... as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

This court has consistently recognized that 'indubitable equivalent' includes an economic present value analysis. *In re Langley,* 30 B.R. 595 (Bkrtcy.N.D.Ind.1983). The most recent published application of these principles is *Matter of Deeter,* 53 B.R. 623 (Bkrtcy.N.D.Ind.1985). See also, *In re American Mariner Industries, Inc.,* 734 F.2d 426 (9th Cir.1984), *Grundy National Bank v. Tandem Mining Corporation,* 754 F.2d 1436 (4th Cir.1985). *In re Martin,* 761 F.2d 472 (8th Cir.1985). The application of a present value analysis to the case at bar shows that Land Bank is not receiving the indubitable equivalent of its contractual bargain. The arrearage on the Land Bank mortgage on September 1, 1985 totaled $3,549.43. This figure represents funds which Land Bank was contractually entitled to reinvest at a market rate of interest. Where a plan of reorganization is effectuated in a timely fashion and the mortgage arrearage to an over-secured creditor cured, the contract rate of interest is generally fair compensation for a brief imposition. In the case at bar, however, significant time has passed, and no cure appears imminent. Land Bank has argued that no effective reorganization is possible; if true, dismissal or conversion would be appropriate. The court is not convinced that this reorganization effort is not viable. The debtor has abandoned unnecessary assets, *Matter of Lipply,* 56 B.R. 68 No. 83–3098 (Bkrtcy.N.D.Ind.1985), and improved his cash flow position. *Matter of Lipply,* No. 83–30984, (Bkrtcy.N.D.Ind. Order of November 14, 1985). The delay in Land Bank's recourse to its collateral has

---

**2.** Commodity Credit Corporation holds a second mortgage for approximately $8,000; Farmers Home Administration holds a third mortgage for approximately $370,000.

become so extended that the uncompensated imposition of the stay is no longer fair.

■ The Lipplys contend that Land Bank is adequately protected by the large equity cushion in this case. The property is worth approximately five times the amount of Land Bank's lien. While this value has fallen dramatically during the pendency of this case, the court finds there is no imminent danger that Land Bank could be placed in a partially unsecured position. Land Bank's claim is secure; the time value of its position is not. The Lipplys contractually agreed in 1964 to make periodic installment payments which Land Bank could reinvest. Land Bank is entitled to protection of its lost reinvestment opportunity cost. *In re Wolsky*, 53 B.R. 751 (Bkrtcy.D.N.D.1985). The Land Bank mortgage was significantly in arrears when this case was filed.

■ Cash payments are the only suitable form to adequately protect Land Bank from its lost reinvestment opportunity cost in this case. No property has been suggested for a replacement lien. Allowing the adequate protection payments to accrue on the mortgage lien would prejudice the rights of the junior lienors.

■ In the case at bar Land Bank was apparently willing to tolerate its lost rights until the date of filing. The Lipplys had not made a payment in more than a year, and no foreclosure action had been initiated. The court will protect the rights of a vigilant creditor but not create rights for one who acquiesces in their own loss. The court finds pre-petition equitable waiver of its rights by Land Bank which continued until this case was commenced, November 10, 1983.[3] The court will order cash payments to compensate for the lost investment opportunity for those installments

falling due after six months [4] following November 10, 1983. The contract in the case at bar provides for interest at the rate of 5½%; the judgment rate in Indiana, which currently approximates the market rate, is 12%. The Lipplys are ordered to make semi-annual cash adequate protection payments for any arrearage commencing with the July 1, 1984 payment in the amount of 3¼% (12% − 5½% = 6½% per annum) of the installment(s).[5] This payment represents investment income lost by Land Bank. These payments must be brought current by February 1, 1986.

■ Land Bank also argues that 'cause' means any reason, such as delay. § 362(d)(1). The court agrees that 'cause' is broader than 'adequate protection.' The concept of injury through delay is, however, normally rectified through adequate protection. The authority cited by Land Bank contains language which could be read to support its position. Such a reading is contrary to the present value analysis and not required by the cases themselves. The common theme uniting these cases is abuse. Creditors have been granted relief where malfeasance by the debtor(s) has constituted an abuse of the bankruptcy process. For an excellent discussion of this issue and judicial responses, see Note, *Good Faith Inquiries Under the Bankruptcy Code: Treating the Symptom, Not the Cause*, 52 U.Chi.L.Rev. 795.

■ The cases cited by Land Bank illustrate various forms of abuse, including: the 'new debtor' syndrome, *In re Victory Construction Co. Inc.*, 9 B.R. 549 (Bkrtcy. C.D.Cal.1981), *In re Scott*, 42 B.R. 35 (Bkrtcy.D.Or.1984); successive filing abuse, *Matter of R & M Porter Farms, Inc.*, 38 B.R. 88 (Bkrtcy.W.D.Mo.1984), *In re Pelzer*, 15 B.R. 73 (Bkrtcy.E.D.Pa.1981),

---

**3.** The foreclosure analysis, due to this waiver, is not useful in this case. This does not affect the over-secured creditor's entitlement to the 'indubitable equivalent' of his contractual bargain. § 361(3).

**4.** The six months represents an approximation of the time required to reduce Land Bank's claim to judgment.

**5.** By way of illustration, the payment of $595.10 due 7–1–84 was not made, so the resultant adequate protection payment of $19.34 would have been due 1–1–85. On 7–1–85, the adequate protection payment would increase to $38.68; on 1–1–86, the payment would increase to $58.02, and on 7–1–86, to $77.36.

**528**

*Matter of 3868–70 White Plains Road, Inc.,* 28 B.R. 515 (Bkrtcy.S.D.N.Y.1983); or active malfeasance,[6] *Matter of Rutter,* 25 B.R. 244 (Bkrtcy.E.D.Mich.1982). Several of the cases based relief upon an explicit finding of a lack of adequate protection, *In re Augustus Court Associates,* 46 B.R. 619 (Bkrtcy.E.D.Pa.1985), *In re Keays,* 36 B.R. 1016 (Bkrtcy.E.D.Pa.1984), *In re Faires,* 34 B.R. 549 (Bkrtcy.W.D.Wa.1983), *Matter of 3868–70 White Plains Road, Inc.,* 28 B.R. 515 (Bkrtcy.S.D.N.Y.1983); or where the case had gone on for an inordinate period of time with no plan being proposed or where the plan was denied confirmation, *In re Tuns, Inc.,* 35 B.R. 110 (Bkrtcy.E.D.Pa. 1983), *In re Keays,* 36 B.R. 1016 (Bkrtcy.E. D.Pa.1984). No such abusive conduct is present in the case at bar. The term 'cause' as used in § 362(d)(1) requires more than simple nonpayment. The cause must be some form of malfeasance on the part of the debtor. The failure to make contractual payments during the bankruptcy case is not, without more, cause, where the creditor is truly given the indubitable equivalent of his bargain.

Wherefore the court DENIES Federal Land Bank of Louisville's motion for relief from stay, but conditions continuation of the stay upon Lipplys' payment of adequate protection as set out herein. The Lipplys are directed to submit a disclosure statement and updated plan of reorganization within sixty days or show cause why this case should not be converted to chapter 7.

SO ORDERED.

---

**6.** Debtor prevented effective notice to a secured creditor to avoid an expected objection to the proposed chapter 13 plan.