In re Cecil Richard MANWELL,
Winifred Manwell, Manwell
Foods, Inc., Debtors.

G.A. TURMAIL, Trustee, Plaintiff,

v.

YANKEE MOTOR FREIGHT, et
al., Defendants.

Bankruptcy Nos. 80–40485, 80–40484
and 81–40270.
Adv. No. 85–4062.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

June 26, 1986.

Robert E. Grant, Baker & Daniels &
Shoaff, Fort Wayne, Ind., for plaintiff.

Ward W. Miller, Fort Wayne, Ind., for
J.E.M. Farm Services, Inc. & Paul Grain,
Inc.

Charles E. Herriman, Browne, Spitzer,
Herriman et al., Marion, Ind., for Hurt's
Pallet Repair & Sales.

Jack B. Welchons, Marion, Ind., for Don
Shane Tire Co.

Dennis V. Panarisi, Esq. Marion, Ind.,
for Yankee Motor Freight.

Joseph D. Ketner, Anderson, Ind., for
Wells Boiler Works, Inc.

Lawrence R. Murrell, Kokomo, Ind., for
Wilson Brothers, E. Miller Farms, & Phil
Miller Farms.

Grant F. Shipley & Thomas Yoder, Liv-
ingston, Dildine, Haynie, & Yoder, Fort
Wayne, Ind., for Bearings, Inc. and Sweet-
ser Telephone Co., Townsend Printing &
Rigsbee Supply.

Mark A. Warsco, Holleran & Trexler,
Fort Wayne, Ind., for Thornhill Plant Co.

Cheryl B. Stephan, LaPorte, Ind., for
Consol. Rail Corp.

James T. Beaman, Marion, Ind., for Joe
Powell Farms.

Herbert F. Small, Logansport, Ind., for
J.R. Deniston.

Charles E. Herriman, Marion, Ind., for
Farm Bureau, Inc.

F.L. Dennis Logan, Timothy Logan, Ft.
Wayne, Ind., for I–69 Industrial Park.

M.J. Kiley, Marion, Ind., for Garcor Sup-
ply Co., Inc.

Christina McKee, Asst. U.S. Atty., Fort
Wayne, Ind., for U.S. Dept. of Agriculture.

James S. Kowalik, Hopper & Opperman,
Indianapolis, Ind., for United Farm Bureau
Mut. Ins. Co.

## ORDER

ROBERT K. RODIBAUGH, Chief Judge.

Cecil Richard Manwell[1] has created a
graphic illustration of how badly a system

---

1. Cecil Richard Manwell was the central figure
in all three of these Chapter 11 cases: His per-
sonal case, No. 80–40485; Manwell Foods, Inc.,

Case No. 80–40484; and Manwell Farms, Case
No. 81–40270, collectively herein 'Manwell'.

which depends on creditor vigilance can falter in the face of creditor apathy.[2] *In re Lipply*, 56 B.R. 524, 14 C.B.C.2d 309, 13 B.C.D. 1226 (Bkrtcy.N.D.Ind.1986). Manwell, as a debtor in possession, managed to incur approximately $1,600,000 in unpaid post-petition debt between September 16, 1980 and his death early in 1985. Shortly thereafter, a trustee was appointed in the spring of 1985 who has determined that there are no more than about $100,000 in unencumbered assets available for administration. The adversary proceeding at bar was brought seeking to recover funds which passed through any of the Manwell bankruptcy estates during the four years they were engaged in the tomato farming and canning business to enable the trustee to make a pro-rata distribution. The defendants have filed various motions in the nature of motions to dismiss for a failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).[3] The court heard oral argument on this issue and granted the parties an opportunity to submit briefs prior to taking this matter under advisement on February 26, 1986.

The complaint at bar contends that there are insufficient funds in the estate to pay the super-priority and administrative creditors in full and that therefore the trustee is entitled to recover any funds spent during the previous administration of the estate. The complaint does not allege that any of the payments sought to be recovered are anything other than ordinary contemporaneous exchanges of value which the debtor in possession was authorized to make pursuant to 11 U.S.C. § 1108. It is on this basis that the trustee's complaint must be DISMISSED, without prejudice, to amend to allege some factual basis which could support a finding that any particular payment was not authorized.

The procedural posture of this case is such that the defendants' motions to dismiss can not be granted unless even if everything the trustee has pled were true, he would still not be entitled to recover. *Conley v. Gibson* (1957) 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. That is exactly the situation at bar; even if the defendants were to stipulate that after several years of chapter 11 operation the debtor failed, leaving insufficient funds to pay all the remaining administrative creditors in full, that would not be sufficient to establish the trustee's right to recover property of the estate, whether it be cash or canned tomatoes, which may have been exchanged in the ordinary course of business for a full and fair contemporaneous value. A debtor in possession is authorized to operate his business until the court orders otherwise.

> Unless the court, on request of a party in interest and after notice and a hearing, orders otherwise, the trustee may operate the debtor's business.

11 U.S.C. § 1108. The expenses which a chapter 11 debtor incurs and pays in the ordinary course of his business can not be avoided. *In re Western Farmers Association*, 13 B.R. 132, 7 B.C.D. 1214, 4 C.B.C.2d 1337 (Bkrtcy.W.D.Wash.1981). The alternative would make it impossible for any prudent business person to voluntarily do business, even on a cash basis, with a chapter 11 debtor. *Matter of Isis Foods, Inc.*, 19 B.R. 329, 6 C.B.C.2d 620 (Bkrtcy.D.Mo. 1982). The key to understanding the avoidability of a transfer is whether it was actually made in the ordinary course of the debtor's business. A debtor who engages in a flurry of transfers on account of stale debts on the eve of a trustee's appointment is clearly not acting in the ordinary course, so those payments would be recoverable. *In re Colter, Inc.*, 53 B.R. 958, 13 C.B.C.2d 1274 (Bkrtcy.D.Colo.1985). A contrary hold-

**2.** These related cases were originally filed in the Hammond Division at Gary of the Bankruptcy Court for the Northern District of Indiana before Bankruptcy Judge Nehrig (deceased). They were subsequently transferred to the district court in Hammond and then to Fort

Wayne before being assigned to the Bankruptcy Court, Fort Wayne Division.

**3.** Fed.R.Civ.P. 12(b)(6) is made applicable to adversary proceedings such as the case at bar by R 7012(b) of the Rules of Bankruptcy Procedure.

ing would insulate improper payments from Court scrutiny.

The trustee argues that to allow a supplier with strict credit policy to be paid in full on, or prior to, delivery while allowing another supplier with lax credit policy to remain unpaid after years of operation is unfair and counter to "bankruptcy's fundamental principle of equality of distribution among creditors." Quite simply, the trustee's argument does not address the distinction between a distribution pursuant to the terms of a confirmed plan of reorganization and payments to suppliers made in the ordinary course of business, presumably made with the goal of generating sufficient profit to fund a plan of reorganization. The trustee relies heavily upon *In re Lily Knit Silk Underwear Co.*, 73 F.2d 52 (2nd Cir.1934); however, while *Lily Knit* does support the well established principle that the distribution *under the plan* must generally be equal or at least "fair and equitable", no where in the case, even in dicta, is there any discussion of recovering or "reeling in" operational expenses paid in the ordinary course of business by a debtor in possession. A review of the cases cited by the trustee emphasizes this distinction.

Many of the defendants raise factual arguments which are inappropriate in a Rule 12(b)(6) context. Whether some defendants may have never extended any credit or may be public utilities is completely irrelevant to the question of whether the trustee has pled a cause of action. The court would not be shocked to learn that Mr. Manwell paid a utility bill in less than a timely and contemporaneous manner. Several attorneys alluded during oral argument to distributions Mr. Manwell may have made which were not in the ordinary course of business. It is unlikely that $100 cash "tips" to topless dancers were in the ordinary course of a tomato farmer and canner's business. It must, however, be pled that such unauthorized distributions took place before any of them can be recovered.[4]

Wherefore, the defendants' motions to dismiss for a failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. Rule 12(b)(6) are GRANTED; however, the trustee is granted 60 days within which to amend his complaint to include an allegation which could support a finding that any particular transfer was not made in the ordinary course of business or was in some other way unauthorized.

SO ORDERED.

---

4. The Advisory Committee Note to Bankruptcy Rule 3007 specifically contemplates recovery of improperly paid claims.