**In re Randolph T. WAY, Debtor.**

**Bankruptcy No. 579–862.**

United States Bankruptcy Court,· N. D. Ohio.

Feb. 6, 1980.

Randolph T. Way, pro se.

## ORDER DENYING APPLICATION FOR DISMISSAL

H. F. WHITE, Bankruptcy Judge.

Randolph T. Way filed a voluntary Pro Se petition requesting relief under the Bankruptcy Code on October 12, 1979.

Mark Gertz, a member of the Panel of Trustees approved by the Administrative Office in Washington, D.C., was appointed interim Trustee.

At the Section 341 hearing on November 6, 1979 the debtor appeared and submitted himself to examination as required by 11 U.S.C. Section 341 and Section 343 of the Bankruptcy Code.

On November 6, 1979 the interim Trustee, Mark Gertz, subsequently became the trustee of the debtor's estate and filed an application on December 26, 1979 to dismiss the debtor's petition indicating that the debtor's schedules as filed were unable to be processed by the Trustee. Due notice of said application was given to all creditors as required by law, including notice to the debtor. At the hearing on said application the Trustee appeared; the debtor did not appear nor did any creditors appear.

The Court finds from the statements made by the Trustee and from examining the debtor's petition that the schedules as filed are inaccurately drafted, as the debtor lists all of his unsecured creditors under Schedule A–1 when actually they should be shown on Schedule A–3. Further, the debtor has failed to claim exemptions.

The Trustee indicated that he requested the debtor orally several times to correct said schedules and to claim the exemptions which he has failed to do. However, no application has been filed by the Trustee to require the said debtor to amend the schedules.

The Court finds that the debtor did comply with 11 U.S.C. Section 521(1); and al-

though the list of creditors is inaccurately drafted, there is sufficient information in order for the creditors to be notified of these proceedings. The Trustee has admitted that the debtor has scheduled all his assets. The Court further finds that the Trustee did admit at the hearing that the case was capable of being administered as filed.

The Court further finds from the petition and schedules that there is sufficient information for the Trustee to perform his duties as required under the Bankruptcy Code and the Trustee further admitted that the debtor did cooperate with him in furnishing oral information as requested. Therefore, the Court finds that there has been no violation of Section 521 or Section 522 of the Bankruptcy Code by the debtor.

Although the debtor had been informed on several occasions by the Trustee that he should amend his schedules to claim his exemptions, it is a matter of choice whether the debtor wishes to claim exemptions or not claim exemptions in this proceeding.

Further it appears that the debtor has little or no assets to claim, having indicated that the household goods are mortgaged to Capital Finance Company and the 1973 Chevrolet had been repossessed by Ford Motor Company prior to the filing of the bankruptcy petition. The Court cannot find any authority to dismiss a voluntary petition in bankruptcy upon the Trustee's request without prejudice to the debtor.

It appears to the Court that since the debtor has filed a voluntary case under 11 U.S.C. Section 301 asking for relief under the Bankruptcy Code, it is the mandatory duty of the Bankruptcy Court to grant said discharge unless the debtor has failed to comply with a lawful order of this Court (11 U.S.C. 727); or in the alternative, the Trustee or creditors file a complaint objecting to the discharge of the debtor in that he committed an act that would affect his right to discharge as provided for under 11 U.S.C. Section 727(a)(1–10).

Section 707 (11 U.S.C. Section 707) provides:

The Court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

> (1) unreasonable delay by the debtor that is prejudicial to creditors; and
> (2) nonpayment of any fees and charges required under chapter 123 of title 28.

The intent of Congress was not to limit the Court's right to dismiss a case for cause to those grounds set forth in Section 707. In *Collier on Bankruptcy* 4th ed. Section 707.01, page 707–2 the author states: "These causes are not exhaustive, but merely illustrative and the court may dismiss the case on other grounds where 'cause' is shown to exist." See H.R.Rep.No.595, 95th Cong. (footnote No. 5), U.S.Code Cong. & Admin.News 1978, p. 5787. Lack of legal training of the debtor is not sufficient grounds or cause to dismiss a case. Therefore it is the conclusion of this Court that the application for dismissal of the voluntary petition as filed by the Trustee should be denied.

THEREFORE IT IS ORDERED that the application to dismiss the voluntary petition under Chapter 7 of the Bankruptcy Code is hereby denied.

All parties may have their exceptions to the entry of this order.