### In re LOTUS INVESTMENTS, INC., Debtor.

### POLKIN, INC., Plaintiff,

### v.

### LOTUS INVESTMENTS, INC., Debtor in Possession, and Daniel Retter, as trustee and individually, Defendants.

Bankruptcy No. 81–01363–BKC–SMW. Adv. No. 81–0435–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Oct. 19, 1981.

Broad & Cassel, Miami, Fla., for defendant.

Cesar de la Puente, Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came to be heard upon Plaintiff's complaint for relief from the automatic stay and was tried by the Court on September 24, 1981. The Court, having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The Debtor commenced a case under Chapter 11 of the Bankruptcy Code several days prior to the scheduled sale of its sole asset pursuant to a foreclosure judgment. Shortly thereafter, the Plaintiff instituted this adversary proceeding to obtain relief from the automatic stay provided by 11 U.S.C. § 362. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1471.

In May of 1980, Defendant Daniel Retter, as Trustee ("Retter") purchased a parcel of property and, as part of the transaction, granted to the seller, the Plaintiff, a balloon purchase money mortgage to secure the balance of the purchase price. Retter held title to the property for the convenience of his clients, the beneficiaries of the trust. Thereafter, Retter defaulted under the terms of the mortgage, and in January of 1981 the Plaintiff filed a foreclosure action in the state circuit court. Sometime in the Spring of 1981, Retter, who is a practicing attorney, formed the debtor corporation. On June 24, 1981, the circuit court granted the Plaintiff's motion for summary judgment and on August 3, 1981, entered a final summary judgment of foreclosure which set the sale for August 31, 1981. However, prior to the entry of the foreclosure judgment, on July 23, 1981, Retter conveyed his interest in the real property to the Debtor, and several days prior to the August 31,

1981 sale, the Debtor filed its Chapter 11 petition. The real property conveyed to the Debtor by Retter is the sole asset of the debtor corporation, and the stockholders of the debtor corporation are the beneficiaries of the trust of which Retter is trustee. No consideration was paid by the Debtor to Retter or to the beneficiaries of the trust; in effect, the property was the stockholders' contribution to capital. There was no evidence that the conveyance was for a legitimate business purpose, other than a reference, without explanation, to changes in tax laws (which did not explain the timing of the conveyance). The judgment of foreclosure determined that the indebtedness due the Plaintiff under the mortgage was approximately $220,000.00, while appraisal testimony valued the property at $350,000.00. There was no evidence to establish the necessity of the property for an effective reorganization of the Debtor, and there was no evidence of the number or extent of obligations owed by the Debtor to any other entities. Nor was there any evidence that the Debtor had provided or offered, or could provide, periodic payments, an additional or substitute lien, or some indubitable equivalent to adequately protect the Plaintiff's interest.

Section 362(d) provides that the court shall grant relief from the automatic stay (1) for cause, including the lack of adequate protection, or (2) with respect to the stay of an act against property, if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. Given the undisputed evidence that the debtor does have equity, the Court must determine whether cause under § 362(d)(1) exists for the modification of the stay to permit the Plaintiff to enforce its foreclosure judgment. Thus, the issue for the Court is whether a secured creditor of a debtor may have relief from the automatic stay for cause in order to complete the foreclosure of the sole asset of the debtor, when that asset was conveyed to the debtor after a determination of the merits of a foreclosure action by an entity not eligible for bankruptcy relief.* The Court concludes that the Plaintiff is entitled to relief from the stay.

This conclusion has required the Court to examine the meaning of "cause" in § 362(d), its relationship to cause under § 1112(b), and thus the extent to which "good faith" is required of a debtor to resist successfully a motion to dismiss a Chapter 11 case under § 1112(b) or a request for relief from the stay under § 362(d)(1).

Although Chapter 11 of the Bankruptcy Code by its literal terms does not require that a petition be filed in "good faith" (unlike Chapter X of the Bankruptcy Act), courts have refused to permit debtors to proceed with Chapter 11 cases where there is a lack of "good faith" in the filing of the petition. It can be argued that Chapter 11 does impose a "good faith" requirement, albeit through the back door of the § 1112(b) ground of dismissal for inability to effectuate a plan in conjunction with the "good faith" requirement found in § 1129(a)(3). In any event, courts have found "good faith" to be implied by Chapter 11. For example, in *In re Northwest Recreational Activities, Inc.*, 4 B.R. 36 (Bkrtcy.N.D.Ga.1980), two secured creditors filed an application to dismiss a Chapter 11 case or for relief from the automatic stay for cause—lack of "good faith"—where two individuals had conveyed certain recreational property to a newly formed corporation pending foreclosure of a mortgage on the property. The court distinguished the "good faith" requirement under Chapter X—a *prima facie* possibility of reorganization, to protect creditors from delay if there was no possibility of reorganization—and concluded at page 39:

> Good faith, in the sense perceived by this court to have continued relevance, is merged into the power of the court to protect its jurisdictional integrity from schemes of improper petitioners seeking

---

* The trust of which Retter is trustee is not eligible for relief under the Bankruptcy Code. *See, e.g., In re Cohen*, 4 B.R. 201 (Bkrtcy.S.D.Fla.

1980); *In re Old Second Nat'l Bank of Aurora*, 7 B.R. 37 (Bkrtcy.N.D.Ill.1980).

to circumvent jurisdictional restrictions and from petitioners with demonstrable frivolous purposes absent any economic reality.

\* \* \* \* \* \*

The inclusion of [the] "good faith" test in the jurisdictional integrity sense within the provision of § 1112 as perceived by this court, combines to ensure that the legal status and economic condition of the debtor are within the jurisdictional grant and purpose of Chapter 11.

The court found that there had been no scheme to avoid jurisdictional restrictions, since the individual transferors were eligible for Chapter 11 relief, and that the debtor was providing adequate protection by making periodic payments to the secured creditors. *See also In re Tolco Properties, Inc.*, 6 B.R. 482 (Bkrtcy.E.D.Va.1980). Other cases have held that the continuation of a Chapter 11 case includes a "good faith" element and have dismissed Chapter 11 proceedings. *See In re Nancant, Inc.*, 8 B.R. 1005 (Bkrtcy.D.Mass.1981); *In re Dutch Flat Investment Co.*, 6 B.R. 470 (Bkrtcy.N.D.Cal.1980); *In re Ponn Realty Trust*, 4 B.R. 226 (Bkrtcy.D.Mass.1980).

A number of courts have concluded that the transfer of assets from an entity ineligible for bankruptcy relief to an eligible entity is grounds for dismissal of a reorganization case for lack of "good faith", particularly if the transfer occurred shortly before a foreclosure sale or if there was no legitimate business purpose for the transfer. *See, e.g., In re Metropolitan Realty Corp.*, 433 F.2d 676 (5th Cir. 1970), *cert. denied*, 401 U.S. 1008, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971); *In re G–2 Realty Trust*, 6 B.R. 549 (Bkrtcy.D.Mass.1980). The reasoning behind these cases is that bankruptcy courts should preserve their jurisdictional integrity by refusing to allow entities not eligible for bankruptcy relief to obtain relief by a transformation which lacks any legitimate business purpose.

■ By the evidence presented, the Plaintiff established a *prima facie* case that the petition filed by the Debtor was not filed in "good faith." The testimony elicit-

ed by the Debtor that the transfer of the real property to the Debtor was done for an unspecified tax purpose, especially when considered together with the timing of the transfer and the filing of the petition, and the lack of a legitimate business purpose for the transfer, does not meet the Debtor's burden of establishing that the petition was filed in "good faith." *See In re Century City*, 8 B.R. 25, 30–31 (Bkrtcy.D.N.J.1980). The Court concludes that the Debtor's petition was not filed in "good faith" and thus is subject to dismissal under 11 U.S.C. § 1112(b) for cause.

However, this conclusion does not end the Court's analysis, as the Plaintiff has not moved for a dismissal of the case but rather for relief from the stay for cause under 11 U.S.C. § 362(d)(1). While § 362(d)(1) does not specifically incorporate § 1112(b), it is reasonable to conclude that a creditor should be granted relief from the stay if the case is one which the court should dismiss if a motion to dismiss under § 1112(b) were presented. *In re Victory Gardens Construction Co.*, 9 B.R. 549 (Bkrtcy.C.D.Cal.1981) holds that the lack of "good faith" is cause for relief under § 362(d)(1) in an opinion which examines in detail the history of the "good faith" requirement from § 12 of the Bankruptcy Act, in effect in 1898, through the Depression era sections and chapters to an analysis of the role of the "good faith" requirement in the Bankruptcy Code. Without repeating the historical record compiled in *Victory Gardens*, it is sufficient to note that the concept of "adequate protection" of secured creditors was not the only factor considered in a determination of "good faith" under pre-Bankruptcy Code decisions but rather that a number of other factors, such as those discussed in *In re Northwest Recreational Activities, Inc.*, 4 B.R. 36 (Bkrtcy.N.D.Ga.1980), are included within the concept of "good faith." From that analysis, the court in *Victory Gardens*, at 9 B.R. 558–560, concludes that lack of "good faith" is cause for relief from the stay under § 362(d)(1).

■ This Court agrees that lack of "good faith" in filing a petition under Chapter 11

entitles a secured creditor to relief from the stay. The Plaintiff presented a *prima facie* case of lack of "good faith", and the Debtor clearly did not meet its burden of proof that the stay should be maintained. *See* § 362(g). Accordingly, the Court will enter a judgment annulling the stay to permit the Plaintiff to complete its foreclosure.

 One brief issue remains—Retter was named a defendant in this action, both as trustee and in his individual capacity. In this action for relief from the stay, this Court sees no need to join Retter as a defendant and no claim for relief was established against him, individually or as trustee, as the sole issue for decision is whether the Plaintiff is entitled to relief from the stay. The judgment will provide for the dismissal of Retter as a defendant.