## In re SACRAMENTO METROPOLITAN REAL ESTATE INVESTORS, a California partnership, Debtor.

Bankruptcy No. 282–01636–D–7.

United States Bankruptcy Court, E.D. California.

March 9, 1983.

Cooper & Brifman, by Laurel Bennett Kirby, Sacramento, Cal., for debtor.

Al J. Patrick, Auburn, Cal., trustee.

Howard J. Stagg IV, Sacramento, Cal., for trustee.

Diepenbrock, Wulff, Plant & Hannegan, by Gregory J. Hughes, Sacramento, Cal., for Massey-Ferguson.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

The motion to dismiss the bankruptcy case of debtor Sacramento Metropolitan Real Estate Investors, a California partnership, has been brought by Massey-Ferguson, Inc., on the grounds that this case was not filed in good faith. The partnership initially filed a voluntary Chapter 11 proceeding on April 30, 1982, which was converted to a Chapter 7 liquidation case by the debtor on July 19, 1982. The debtor was created by John G. Korean and Constantine Pappadopoulos [the only two partners]; the filing of the fictitious name statement taking place on April 26, 1982, and the fictitious name statement of the partnership being executed on April 29, 1982, [filed in Sacramento County on April 30, 1982].

All assets of the debtor partnership were transferred from Mr. Korean and Mr. Pappadopoulos on the eve of filing this petition and include: all rights, duties, and obligations arising under a real estate purchase agreement with Massey-Ferguson, Inc.; an office building located in Sacramento, California [transferred from Mr. and Mrs. Pappadopoulos]; $100.00 in cash; and $400.00 in office equipment. The liabilities of the debtor partnership are limited to creditors holding a secured interest in the office buildings and six unsecured [listed as such] creditors for which the obligation arose prior to the creation of this partnership.

John Korean and Constantine Pappadopoulos, prior to the creation of the debtor, had engaged in negotiations with Massey-Ferguson, Inc., for the purchase of 60 acres of corporate property located in Des Moines, Iowa. A real estate purchase agreement was signed for a total sum of $7,400,000.00, to be paid in cash on closing—between November 1, 1981, and December 15, 1981. A down payment of $370,000.00 was made by Korean and Pappadopoulos on the original contract and an additional $200,000.00 payment was made to extend the escrow closing date to April 1, 1982. Korean and Pappadopoulos failed to make the balance payment due on the contract and were served with notices of forfeiture as required by Iowa law. Massey-Ferguson, Inc., alleges that the period of cure expired May 6, 1982, and that the buyers' rights under the contract have been forfeited except as modified by the Bankruptcy Code.

Creditor Massey-Ferguson, Inc., has maintained its motion to dismiss this case from bankruptcy after the voluntary conversion to Chapter 7. The grounds alleged for dismissing this case are that it was filed in bad faith—that the motive behind filing was to shelter the parties' rights under the real estate purchase contract without subjecting all of the partners' assets to bankruptcy, the partnership is not an economically viable entity, and that it has never conducted any business.

The Bankruptcy Code provides in 11 U.S.C. Section 707 that "The court may dismiss a case under this chapter [7] only after notice and a hearing and only for cause, including—(1) unreasonable delay by the debtor that is prejudicial to creditors; and (2) nonpayment of any fees and charges required under Chapter 123 of Title 28." The legislative history expressly states that the two causes listed are merely illustrative and not exhaustive. House Report No. 95–959, 95th Cong., 1st Sess. 380 (1977); Senate Report No. 95–989, 95th Cong., 2nd Sess. 94 (1978), U:S.Code Cong. & Admin.News 1978, p. 5787. Notice and hearing having been provided in this case to consider dismissal both while still a Chapter 11 and also after it was converted to a Chapter 7 case, this court must now consider what is sufficient cause to warrant dismissal.

Section 1112(b) of the Bankruptcy Code, in part, provides for the dismissal of a Chapter 11 case for cause. This "for cause" language is identical to the language in Section 707 and the voluminous number of cases that have been litigated relating lack of good faith in filing to "for cause" are instructive in light of the lack of published opinions interpreting lack of good faith filing and "for cause" when a creditor seeks a dismissal under Section 707.

An inherent power of the court to protect itself and the law from abuse has been held to exist by many courts in the situation of bad faith filings. In *Matter of 299 Jack-Hemp Associates,* 20 B.R. 412 (Bkrtcy.S.D. N.Y., 1982), where the debtor was created on the eve of its filing bankruptcy solely for the purposes of filing bankruptcy, the court stated:

It follows therefore that cause exists to dismiss this petition in that it lacks the good faith which should inhere in the invocation of every court's jurisdiction. Power must exist

"in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants."

*Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

Citing to cases under the Bankruptcy Act, *In re Fast Food Properties, LTD,* 5 B.R. 539 (Bkrtcy.C.D.CA., 1980), recognized this power, without express statutory authority, to dismiss bankruptcy cases which were filed improperly or for an improper purpose, and that such inherent powers still exist under the Bankruptcy Code. See also *Matter of Northwest Rec. Activities, Inc.,* 4 B.R. 36 (Bkrtcy.N.D.CA., 1980).

The cases have continued to state a lack of good faith in filing a petition constitutes the required cause in a motion based on Section 1112(b). *Polkin, Inc., v. Lotus Investment, Inc.,* 16 B.R. 592 (Bkrtcy.S.D.Fla., 1981), concerned a corporation that had been formed just shortly prior to its filing a Chapter 11 petition, filing of which occurred on the eve of the scheduled foreclosure of its sole asset, on which the plaintiffs had prevailed over the debtor's promoters in a foreclosure proceeding. Important concerns to the court were that no consideration was shown to have been given for the property and no legitimate business purpose could be shown for the creation of the debtor. *Polkin, Id* at 595. Similar facts—a corporation formed for the sole purpose of forestalling the secured creditor, debtor having no other assets than that claimed by the creditor seeking dismissal, no ongoing business, no employees, nominal unsecured creditors, and no reasonable probability of a plan being proposed or confirmed—were discussed in *In re Dutch Flat Investment Co.,* 6 B.R. 470 (Bkrtcy.N.D.CA., 1980), where the court ordered a dismissal of the Chapter 11 case. This was based on general equitable powers and responsibilities of the court to act to prevent abuse of its jurisdiction and misuse of a remedy provided by the Bankruptcy Code, and also that cause had been shown by the facts to warrant dismissal under Section 1112(b). *In re Dutch Flat Investment Co., Id.*

 The fact that a Chapter 7 proceeding requires the debtor to deliver its assets to a trustee for liquidation does not prevent this from being an abuse of this Chapter. The original Chapter 11 case was not filed in good faith on the eve of the foreclosure because there was no bona fide economic reason for the creation of the partnership, it was not a viable economic entity [being seriously underfunded for the two assets of realty it held], it was created merely by the transfer of two assets from the partners and had no creditors or debt other than that inherited from its creators. A bankruptcy court should always be concerned with an entity that was created on the eve of bankruptcy and funded with one or two assets from an ongoing enterprise, thus sheltering other assets of the creators from the instant proceedings. This dividing of assets, while retaining all incidents of ownership, is just as improper under a Chapter 7 proceeding as under a Chapter 11. When no real economic purpose can be shown for the creation of the entity and it is so undercapitalized so as not to be a functional economic entity, the filing of a bankruptcy petition solely to forestall the actions of creditors is not in good faith but an abuse of the bankruptcy laws and not to be sanctioned by the court. If the creators of the partnership want to avail themselves of the protection offered by the Bankruptcy Code, especially the Section 362 automatic stay, they are free so to do; however, they must come with all of their assets and subject them to the power of this court.

Therefore, IT IS ORDERED that the Chapter 7 case of Sacramento Metropolitan Real Estate Investors, a California partnership, Bk.No. 282–01636–D–7, be dismissed for cause pursuant to 11 U.S.C. Section 707 and also under the inherent powers of this court to prevent the abuse of its jurisdiction and abuse of the laws of these United States. This dismissal is with prejudice. The foregoing Memorandum Opinion and Decision shall constitute findings of fact and conclusions of law.