In re Alan B. SCOTT,
Debtor-in-possession.

The OREGON BANK, fka Southern Oregon State Bank, an Oregon banking corporation, Movant,

v.

Alan B. SCOTT, Debtor-in-possession.

Bankruptcy No. 683–08077.
Adv. No. 683–08077(b).

United States Bankruptcy Court,
D. Oregon.

May 1, 1984.

Benjamin E. Freudenberg, Killoran, Nelson, Freudenberg and James, Grants Pass, Oregon, for plaintiff.

Daniel D. Phillips, Grants Pass, Oregon, for defendant.

## MEMORANDUM OPINION

POLLY S. WILHARDT, Bankruptcy Judge.

The Oregon Bank has filed a motion for relief from stay in the Alan B. Scott chapter 11 reorganization. Contemporaneously the debtor-in-possession has filed a motion to determine the status and amount of the Oregon Bank's claim under 11 U.S.C. § 506.

Mr. Scott filed his chapter 11 petition on September 22, 1983. The statement of affairs and schedules filed therewith states that Mr. Scott had been a real estate investor but was unemployed at the time of filing. He owes no priority debts or unsecured debts. His schedule A–2 reveals three secured creditors: the movant, Josephine County Oregon and Michael and Marie Lachner. Mr. Scott's real property is shown on his schedule B–1 as a parcel owned in fee simple located at 6862 Westside Road, Cave Junction, Oregon, and a 20% tenancy-in-common interest in a parcel at Dana Point, Pacific Point Highway and Crystal Lantern, San Diego, California. Personal property of a total value of $9,235.00 consists entirely of non-business family items except for one $150.00 desk listed as office equipment. No reorganization plan has been filed nor has the debtor-in-possession filed any monthly financial statements as required by 11 U.S.C. § 1106(a) and Bankruptcy Rule 2015.

At the final hearing on both the stay matter and the debtor-in-possession's motion to determine secured status, the Oregon Bank and the debtor-in-possession chose not to present any testimony to the court. Rather, both requested the court to reach findings of fact and conclusions of law regarding both motions based on the record before the court. This record includes:

1. The schedules and statement of affairs filed by the debtor-in-possession;

2. The signed pre-trial order in the relief matter;

3. Certain affidavits of Dean R. Wendle, vice-president of the Oregon Bank, with attachments;

4. Copies of relevant promissory notes and trust deeds;

5. A certified copy of a decree of foreclosure entered by the Circuit Court of Josephine County, Oregon;

6. Two appraisal reports, one tendered by the Oregon Bank and one tendered by the debtor-in-possession;

7. The attorneys' arguments at the final hearing.

First, I shall address the issues raised in the motion for relief from stay as, if relief is granted and the stay is lifted, the issue raised by the motion to determine the status of the Oregon Bank's claim becomes moot.

The parties have stipulated to the following facts. The Oregon Bank had a valid lien on the property listed in the debtor-in-possession's schedule B–1 as 6862 Westside Road, Cave Junction, Oregon. The debtor-in-possession defaulted on his obligations secured by such lien. The Oregon Bank obtained a decree of foreclosure through state court proceedings. A sheriff's sale of the property, scheduled for September 22, 1983, was not held because of the stay imposed by the chapter 11 filing. Real property taxes are due and unpaid to Josephine County Oregon on this property for tax years 1982–1983 and 1983–1984 in the total amount as of April 15, 1984, of $4,295.20. Michael and Marie Lachner hold an inferior judgment lien on the property for a scheduled amount of $44,000.00, which amount is disputed. As of April 4, 1984, the total principal and interest due from the debtor-in-possession to the Oregon Bank under the note secured by the property was $222,924.00 and interest is accruing daily on that indebtedness in the amount of $91.22. In addition, the Oregon Bank has incurred actual costs and attorney's fees, including foreclosure and bankruptcy proceedings, of $5,413.51.

The subject property consists of 40 acres of timber with the debtor-in-possession's residence located thereon. The property has an assessed value for the 1983–1984 tax year of $181,720.00. The Oregon Bank's appraiser placed a fair market value on the property as of October 5, 1983, of $270,000.00. The debtor-in-possession's appraiser placed a fair market value on the property as of January 30, 1984, of $285,100.00.

■ This court will disregard the assessed value placed on the subject property for 1983–84. Oregon Revised Statutes Chapter 321 allows certain reductions for assessment purposes of what would otherwise be the fair market value of western Oregon forest land. Without evidence addressing this issue, this court must assume this assessment figure reflects these reductions.

The pre-trial order does not contain a clear statement as to the relief the Oregon Bank is seeking. The "contentions of fact" listed in paragraph six are merely a summary of the broad range of facts always potentially at issue under 11 U.S.C. § 362(d)(1) and (2). This court must assume the Oregon Bank is asking for any of various types of relief potentially available under either subsection of § 362.

■ It is clear from the record that this court does not have to determine two of the relevant contended facts listed in paragraph six. The amount of debt the debtor-in-possession owes to the Oregon Bank has been stipulated to. In addition, the debtor-in-possession did not present any testimony to refute the validity of the Oregon Bank's lien on the subject property. The burden of proof being on the debtor-in-possession to do so (11 U.S.C. § 362(g)(2)), the Oregon Bank's lien is taken as creating for it a valid secured claim in the estate to the extent of the value of the property.

■ 11 U.S.C. § 362(g)(1) places the burden of proof on the issue of the debtor's equity in the subject property on the moving party. At the final hearing, the Oregon Bank's attorney acknowledged that there is presently equity in the subject property. For this reason alone, this court

could find the Oregon Bank cannot receive relief under 11 U.S.C. § 362(d)(2). It should be noted that in determining the amount of equity a debtor has in property within the meaning of § 362(d)(2), this court does not include the amounts owed to the lienors junior to the movant's lien. *In re Cote*, 27 B.R. 510 (Bankr.D.Or.1983), *In Re Spring Garden Foliage, Inc.*, 15 B.R. 140, 143 (Bankr.M.D.Fla.1981). In reviewing the total of the Oregon Bank's stipulated debt against the property it is clear, regardless of which of the two appraisal values presented by the parties is accepted as the fair market value of the property, the figures support the Oregon Bank's acknowledgment that the debtor-in-possession has some equity in the property. Thus, the Oregon Bank can only look for relief, if available, under 11 U.S.C. § 362(d)(1).

■ 11 U.S.C. § 362(d)(1) allows various forms of relief from the automatic stay "for cause." In addition to a finding of lack of adequate protection, "cause" has been interpreted by the courts to include other circumstances, each independent of one another. These include noninterference with the pending bankruptcy case (See, e.g., *In re Penn-Dixie Industries, Inc.*, 6 B.R. 832, 835 (Bankr.S.D.N.Y.1980) and filing of the bankruptcy petition in bad faith (See, e.g., *In re Lotus Investments, Inc.*, 16 B.R. 592, 595–596 (Bankr.S.D.Fla. 1981); *Duggan v. Highland-First Ave. Corp.*, 25 B.R. 955, 961 (Bankr.C.D.Cal. 1982); *In re Victory Construction Co., Inc.*, 9 B.R. 549, 560 (Bankr.C.D.Cal.1981) (automatic stay vacated for cause), 9 B.R. 570 (Bankr.C.D.Cal.1981) (stay reinstated pending appeal), 37 B.R. 222 (Bankr. 9th Cir.1984) (order vacating automatic stay vacated on other grounds)[1]; *In re Beach Club*, 22 B.R. 597, 599 (Bankr.N.D.Cal. 1982)). The Oregon Bank proffers two causes for relief from the stay in the pretrial order. Subparagraph 6b places the issue of lack of adequate protection in con-

tention. Subparagraph 6c places the issue of bad faith filing of the petition in contention by raising two elements of bad faith filing: 1) whether the records before the court indicate a reasonable possibility that the debtor-in-possession's business can be reorganized; and 2) whether there is any business operation to reorganize.

Having no real business entity to reorganize is one of several factors the courts have highlighted in determining that a chapter 11 proceeding has not been filed in good faith. *Victory*, 9 B.R. at 564–565, *Duggan*, 25 B.R. at 961. Other highlighted factors include filing of the bankruptcy petition just before some action is to be taken on foreclosure of a sole asset, *Lotus*, 16 B.R. at 594, *Victory*, 9 B.R. at 564; existence of nominal unsecured creditors, *Duggan*, 25 B.R. at 961; and existence of no other assets in the bankruptcy estate than the secured one at issue, *Duggan*, B.R. at 961, *Lotus*, 16 B.R. at 594.

In reviewing the facts of this case, this court must conclude that cause exists to vacate the automatic stay and allow the Oregon Bank to proceed with its foreclosure. I believe this proceeding was filed in bad faith for the following reasons:

1. This proceeding was clearly filed only to halt the foreclosure sale of subject property which is the debtor-in-possession's sole significant asset. This fact alone would not be sufficient grounds for a finding of bad faith. A primary purpose of the bankruptcy process is to provide beleaguered debtors with a hiatus from the pressure of creditors. *In re Levinsky*, 23 B.R. 210, 221 (Bankr.E.D.N.Y.1982) But there are other factors which, taken with the first, create an undeniable impression of abuse of the judicial process.

2. There are no records in the file which indicate the debtor-in-possession is engaged in any ongoing business. The debtor-in-possession has no business assets or unsecured creditors. The debtor-in-possession has filed no monthly business financial

---

**1.** Although the issue before the United States Bankruptcy Appellate Panel in *Victory* was whether good faith is cause for termination of

the stay under § 362(d)(1), the issue was not addressed as it had become moot because of post-appeal events.

statements. Indeed the debtor-in-possession has described himself as unemployed.

The intent of the chapter 11 Code provisions was to provide rules to equitably balance the debtor-in-possession's need for continued use of the property essential for rehabilitation and the creditor's need for protection of their economic interests. There is simply not a going business to preserve and protect in this case. Thus, this is not a proceeding within the intent of chapter 11 of the Bankruptcy Code.

The Oregon Bank is entitled to immediate relief from the stay provisions. This court has found cause for relief under 11 U.S.C. § 362(d)(1) on other grounds. Therefore, it need not address the Oregon Bank's allegation of lack of adequate protection. Further, the automatic stay being vacated, the issue raised by the debtor-in-possession's motion to determine the status of the Oregon Bank's claim under § 506 is moot and therefore need not be addressed by this court.

This Memorandum Opinion contains the court's findings of fact and conclusions of law and pursuant to Bankruptcy Rule 9014, which incorporates Rule 7052, they will not be separately stated.

A separate judgment consistent herewith will be entered.