**In re Rene V. BLANCHETTE, Debtor.**

**Bankruptcy No. 8500498.**

United States Bankruptcy Court,
D. Rhode Island.

Nov. 18, 1985.

---

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The debtor filed the present Chapter 7 petition on August 7, 1985, and after hearing on September 19, 1985, a brief order was entered on September 23, 1985, granting the motion of creditor Raymond George, D.M.D., Inc., to dismiss the case. Because our September 23 order has been appealed to the District Court, we herewith summarize our findings of fact and conclusions of law, pursuant to Bankruptcy Rules 7052 and 9014, and Fed.R.Civ.P. 52.

This debtor was previously granted a discharge on September 18, 1980, pursuant to a prior Chapter 7 petition filed on July 21, 1980 (BK No. 8000542). The instant motion to dismiss is based on 11 U.S.C. § 727, which provides that

> (a) The court shall grant the debtor a discharge, unless—. . . .
>
>> (8) the debtor has been granted a discharge ... in a case commenced within six years before the date of the filing of the petition. . . .

It is the debtor's position that dismissal is improper, that we are dealing with a dischargeability issue rather than a jurisdictional question, and that at the least he should be allowed about a month to decide whether he would like to convert the case to Chapter 13, under which the six year bar would not apply. We rejected that contention.

Dismissal under chapter 7 is governed by 11 U.S.C. § 707, which provides that

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only *for cause including* —
>
>> (1) unreasonable delay by the debtor that is prejudicial to creditors; or
>>
>> (2) nonpayment of any fees or charges required under chapter 123 of title 28 (emphasis added).

█ In our view Congress did not intend to limit the Court's right to dismiss a case for cause, to those grounds set forth in 11 U.S.C. § 707. The legislative history reveals that the examples of cause referred to in 11 U.S.C. § 707 are illustrative only, and not exhaustive. H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787; *see also* 11 U.S.C. § 102 (which, in providing rules of construction, states that the term "including" is not limiting in nature).[1]

---

**1.** The following circumstances have been found to constitute cause for dismissal: (1) the unavailability of debtor for examination at creditors' meeting, *see, e.g., In re Import Toy Sales, Inc.,* 41 B.R. 784, 12 B.C.D. 255 (Bankr.S.D.Fla. 1984); *In re Rust,* 1 B.R. 656 (Bankr.M.D.Tenn. 1979); (2) an inability to administer case because of lack of funds and threat to public safety, *e.g., In re 30 Hill Top Street Corporation,* 42 B.R. 517 (Bankr.D.Mass.1984); (3) an inability to administer case as a result of ongoing environmental nuisance, *e.g., In re Charles George Land Reclamation Trust,* 30 B.R. 918 (Bankr.D.Mass.1983); and (4) the abuse of bankruptcy laws coupled with bad faith filing,

 The determination of whether cause for dismissal exists, is a matter within the sound discretion of the court. *Cf. In re Way*, 2 B.R. 372, 1 C.B.C.2d 423 (Bankr. N.D.Ohio 1980). Although we found no recent cases which address the issue of whether dismissal of a case under Chapter 7 is proper where a prior discharge was granted within six years, we conclude that where, under 11 U.S.C. § 727(a)(8), the debtor is precluded from obtaining the primary source of relief afforded by Chapter 7, i.e., discharge, this constitutes cause for dismissal, within the meaning of 11 U.S.C. § 707. 11 U.S.C. § 727(a)(8) was enacted to prevent the creation of a class of habitual debtors who attempt to rid themselves of debt by repeatedly filing for bankruptcy. *See Patterson Dental Co. v. Mendoza (In re Mendoza)*, 16 B.R. 990 (Bankr.S.D.Cal. 1982). That purpose is furthered by the dismissal of the present petition.

If the moving creditor (Raymond George, D.M.D., Inc.) had filed a complaint objecting to discharge, instead of the instant motion to dismiss, we would have been required to deny the debtor a discharge. 11 U.S.C. § 727(a)(8). To delay dismissal until after a hearing on dischargeability would serve no useful purpose, given the inevitable outcome of such a hearing. *See In re Hammond*, 9 F.Supp. 628 (D.Kan. 1934). Moreover, we see no reason why the debtor should receive the protection afforded by the automatic stay provisions of 11 U.S.C. § 362 where he is a fortiori prohibited by law from obtaining a discharge.

 Notwithstanding what we have said above, the debtor had ample opportunity to move to convert the case to Chapter 13, pursuant to 11 U.S.C. § 706, but did not do so. His suggestion that he might decide in the future to convert to Chapter 13 (Debtor's Memorandum in Support of Objection to Motion to Dismiss) should not delay entry of an appropriate dismissal order at this time.

It should be noted that dismissal of the present Chapter 7 petition will not result in significant harm to the debtor since he is free at any time to file a case under Chapter 13. Further, his rights under Chapter 7 after July 21, 1986 (at which time the six year bar will no longer apply) will not be affected by dismissal, since

> [t]he dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title. . . .

11 U.S.C. § 349.

Accordingly, the motion to dismiss is granted, without prejudice to the debtor to file a case under Chapter 13 at his convenience, or to file a case under Chapter 7 after July 21, 1986.