**In the Matter of Pedro J. SIERRA and Carmen Gloria Ayala, Debtors.**

**FIRST FEDERAL SAVINGS BANK, Plaintiff/Movant,**

v.

**Pedro J. SIERRA, Carmen Gloria Ayala and Frank A. Besosa, Trustee, Defendant/Respondent.**

**Bankruptcy No. B–85–01002(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

April 1, 1987.

Roberto Morales Sánchez, Puerto Rico Legal Services, Inc., Bayamón, P.R., for debtors/defendants.

David Godreau, Ramirez, Latimer, Biaggi & Miranda, San Juan, P.R., for plaintiff.

## ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

The matter pending before the Court is a "Motion Requesting Relief from the Automatic Stay" (11 USC § 362) filed by the First Federal Savings Bank, the movant herein, on the grounds that debtor's mortgage loan is in default. This matter was heard on November 24, 1986. The Court gave the parties ten days to file a Memorandum of Law, which they did accordingly.

Pursuant to the evidence submitted by the parties, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Debtors filed for bankruptcy relief on August 5, 1985.

2. Movant holds a valid secured claim against the debtors, a duly registered mortgage loan which is in default.

3. No payments have been made by the debtors on the aforementioned loan since November, 1984.

4. Debtor's property has an estimated market value of $27,000.00 pursuant to the appraisal submitted by the movant dated June 5, 1986.

### Conclusions of Law

The automatic stay provisions of 11 U.S.C. 362(a) become operative as a matter of law upon the filing of a petition in bankruptcy. The stay gives the debtor a breathing spell from its creditors, since it stops all collections efforts, including foreclosure actions, while the debtor arranges his financial affairs. See, House Report No. 95–595, pages 340–344, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6296–6301. However, Section 362, 11 U.S.C., also provides a remedy to the creditors. The automatic stay may be lifted "for cause, including the lack of adequate protection of an interest in property of such party in interest," 11 U.S.C. § 362(d)(1), or, if "(A) the debtor does not have an equity in such property; and, (B) such property is not necessary to an effective reorganization". 11 U.S.C. § 362(d)(2).

2. In the case at bar, the debtors have not provided adequate protection to the movant since the filing of the petition. Moreover, the debtor has failed to make regular payments for a substantial period of time (29 months). These facts per se constitute "cause" to lift the automatic stay. 11 U.S.C. § 362(d)(1). *In re Panas,* 63 B.R. 637, 638 (Bankr.E.D.Pa.1986).

3. The debtor herein does not have an equity in the property in interest. Debtors' property was appraised at $27,000.00 and movant's claim is for $29,499.27. The debtor has failed to present any evidence to contradict movant's valuation and has also failed to establish that the subject property is needed for reorganization. *See, First Connecticut Small Business Investment Co. v. Ruark,* 7 B.R. 46 (Bankr.D.Connecti-

cut 1980). Therefore, the stay may also be lifted pursuant to 11 U.S.C. 362(d)(2).

4. The debtors alleged in their Memorandum of Law that the automatic stay (11 U.S.C. § 362) should not be lifted pursuant to the Laws of Puerto Rico Numbers 115 and 116 enacted on July 11, 1986 (17 L.P.R.A. § 660c). After a review of the aforecited state law, and the provisions of 11 U.S.C. § 362, we conclude that the provisions of Laws No. 115 and 116 are not a defense to Section 362. If deemed applicable the same would be relevant within the context of a foreclosure action before the state courts.

### CONCLUSION

In view of the foregoing the "Motion Requesting Relief from the Automatic Stay" filed by the movant is hereby GRANTED.

IT IS SO ORDERED.