**In re Charles NEWSOME, d/b/a Resorts Audio Video, Debtor.**

**Bankruptcy No. 88–588–9P3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 28, 1988.

Alfred E. Johnson, Fort Myers, Fla., for debtor.

Elizabeth Adams, Fort Myers, Fla., for Miguel Arenillas.

ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case commenced by a Voluntary Petition filed by Charles Newsome, the Debtor, on February 4, 1988. The immediate matter under consideration

is a Motion to Dismiss filed by Miguel Arenillas (Arenillas).

The Motion of Arenillas is based on the alleged bad faith of the Debtor seeking relief under Chapter 13 of the Bankruptcy Code. In support of this Motion, Arenillas contends that the Debtor's filing of his Petition for Relief is nothing more than an attempt by the Debtor to avoid his obligations under a contract he entered into with Arenillas for the purchase of a video store owned by Arenillas.

The facts as established by the Final Evidentiary Hearing and relevant to the matter under consideration are as follows.

On July 13, 1987, the Debtor and Arenillas entered into an agreement whereby Arenillas agreed to sell and the Debtor agreed to purchase the assets as well as the name of an ongoing business known as Resorts Audio Video. The agreement provided for a total purchase price of $58,-000.00 payable in the following terms: The Debtor was to make a $9,000.00 down payment to Arenillas with the balance of the purchase price to be made on a periodic basis. The agreement further provided that in the event the Debtor defaulted under the terms of the agreement, the Debtor would forfeit to Arenillas any interest he may have in the business. The Debtor concedes, that on April 1, 1988, the Debtor defaulted under the terms of the agreement. It further appears that Arenillas demanded that the Debtor relinquish control of the business and the inventory pursuant to the forfeiture provisions of the contract. Upon the Debtor's refusal to do so, Arenillas instituted a lawsuit in the Circuit Court for Lee County, Florida, in order to enforce his rights under the contract. On January 29, 1988, an Order was entered by the Circuit Court directing the Debtor to deposit $11,000.00 with the Clerk of the Circuit Court for Lee County. The Order further provided that if no deposit was made, the Circuit Court would issue an injunction prohibiting the Debtor to operate the business and appointing a receiver to oversee the Debtor's business.

On February 4, 1988, the Debtor filed its Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. In due course, Arenillas filed his proof of claim for $58,000.00 as a general unsecured claim. The record also reveals that during the pendency of the Chapter 13 case, the Debtor listed the business for sale at a purchase price of $99,900.00 notwithstanding the fact that he had paid only $58,000.00 for it less than a year before.

On May 13, 1988, a hearing was scheduled to consider the confirmation of the Debtor's Chapter 13 plan and an objection filed by Arenillas to the confirmation. Arenillas objected to the confirmation on the grounds that the plan outlined by the Debtor was not filed in good faith. In support of his motion Arenillas urged that he is the only unsecured creditor of the Debtor; that there are no other bona fide unsecured creditors whose claim the Debtor seeks to adjust; and the plan submitted by the Debtor is merely an attempt by the Debtor to get out of his contractual obligation and reduce the purchase price agreed upon to the amount he intends to pay under the plan which is $15,000.00 over a three year period. On August 28, 1988, this Court entered an order denying confirmation, having concluded that the Petition was filed in bad faith and gave the Debtor 15 days to convert the case to a Chapter 7 liquidation, otherwise the case would be dismissed.

On August 18, 1988, counsel for the Debtor filed a Motion for Rehearing of Order Denying Confirmation. The Court having considered the Motion concluded that the Debtor was not given an opportunity to present his defense to the Motion to Dismiss and rescheduled the hearing on the Motion to Dismiss and rescheduled the Confirmation Hearing.

At the duly rescheduled confirmation hearing, Arenillas objected again to confirmation of the Debtor's plan on the basis of this Court's previous finding of bad faith filing which represents the law of the case, therefore, no longer subject to further consideration. In addition, Arenillas also sought a dismissal of the Chapter 13 case again on the same basis urged before. The renewed motion of Mr. Arenillas again

seeks a dismissal on the basis that the Debtor's Plan was filed in bad faith therefore it cannot be confirmed.

In opposition to the Objection to Confirmation and the Motion to Dismiss, the Debtor contends that his Plan was submitted in good faith, that at the time he entered into the agreement with Arenillas, he did not know that the video and audio equipment were there on a consignment basis only and not part of the inventory he intended to purchase.

 There is no question that in order to obtain confirmation of a Chapter 13 Plan, it is the Debtor's obligation to satisfy the Court, among others, that the Plan has been proposed in good faith, § 1325(a)(3). This Chapter was designed to enable a financially distressed individual Debtor with a regular income to obtain adjustment of debts. Under the scheme of this Chapter, the debtor may achieve this by proposing a plan which deals with the Debtor's debts in general including even secured obligations with the exceptions set forth in Section 1322(a) which is not relevant here. A plan proposed by a Debtor which is designed to deal with the debt of one creditor only, and designed to restructure and scale down the contractual obligation of a Debtor, which is exactly what is involved in this case, is deemed suspect at least and may not have been filed in good faith, unless the debtor is able to establish that the petition was filed for a legitimate purpose consistent with the provisions of this Chapter. In this instance the Debtor contends that while it is true that he agreed to pay $58,000.00 for the business assets, he mistakenly assumed that the purchase would include video and audio equipment. Therefore, when it turned out to be that these items were not part of the inventory sold but were placed only on consignment, the purchase price agreed upon was no longer fair. Based on this according to the Debtor it is proper to use the provisions of this Chapter for the readjustment of the purchase price even though the parties are already involved in litigation in a State Court concerning the same issue.

The difficulty with the Debtor's proposition is evident when one considers this record.

First of all, this Court is satisfied that the Debtor very well knew that the video and audio equipment was not part of the inventory; that the Debtor actually dealt with the consignor and was aware of the rights of the consignor in the video and audio equipment. Next, the Debtor, shortly after he acquired the business assets, offered the same for sale and sought a price of the same in excess of $90,000.00. The Debtor's protestation of this undeniable fact that he was misled by the business broker who himself urged him to ask that much, lacks credibility. In sum, this Court is satisfied that this plan proposed by the Debtor is nothing more than an attempt to get out of a contractual obligation voluntarily and willingly undertaken and in fact scale down the purchase price agreed upon to less than one fourth of the original price agreed upon. As noted this is nothing more than a two-party dispute which is already being litigated in a non-bankruptcy forum. For these reasons, it is appropriate to deny confirmation of the Debtor's plan on the basis that the plan was not filed in good faith.

 In addition § 1307(c) permits a dismissal of a Chapter 13 case for "cause" in addition to several specific reasons, including the Debtor's inability to obtain confirmation of his plan, Section 1307(c)(5).

In support of the Motion to Dismiss for "cause" filed by Arenillas it is urged that the Petition for Relief by the Debtor was filed in bad faith. Ordinarily an individual debtor with regular income is eligible for relief under this Chapter. Section 109(e). However, the concept of lack of good faith which has long been recognized as a valid basis for dismissal for "cause" in Chapter 11 cases, see *In re Victory Construction Co., Inc.*, 9 B.R. 549 (Bkrtcy.D.C.Cal.1981) also forms an integral part of Chapter 13. *In re Setzer*, 47 B.R. 340 (Bkrtcy.E.D.N.Y. 1985). It is important to note that in the context of a Motion to Dismiss a Chapter 13 case, the courts consistently held that once the debtor's good faith has been chal-

lenged, the debtor has a burden of proving that the petition for relief was filed in good faith. *In re Polkin, Inc. v. Lotus Investments, Inc.,* 16 B.R. 592 (Bkrtcy.S.D.Fla. 1981). The classic case for bad faith filing involved is the case of *In re Waldron,* 785 F.2d 936 (11th Cir.1986). In *Waldron,* the debtor filed a Chapter 13 case for the sole purpose to utilize the provisions of the Code to reject an option agreement which the debtor felt was not as profitable as it could have been. The Court of Appeals in reviewing the order of the district court which affirmed the bankruptcy court's Order of Dismissal held that such plan was proposed in bad faith and was nothing more than an attempt to use and abuse the Chapter 13 for a greedy and unworthy purpose.

When one compares the facts involved in *Waldron* with the facts involved in this case, there is hardly any doubt that they are strikingly similar and there is hardly any difference between the two. *Waldron* was filed for the purpose of getting out of an option agreement by utilizing the power of the Trustee to reject burdensome executory contracts. The Debtor's Petition in this case was filed for the sole purpose of getting out of a contract which the Debtor now considers to be burdensome and oppressive. There is hardly any doubt that the remedial provisions of this Chapter were never designed to accomplish such goals especially when debtors like the Debtor in *Waldron* and in the present case actually have no real need for readjusting their debts simply because they have none other than the one involved in the case. Based on this reason, this Court is satisfied that even though the Motion filed by Mr. Arenillas urges a dismissal on the basis that the plan was filed in bad faith, it is equally appropriate to dismiss the Chapter 13 case on the basis it was filed in bad faith and unless the Debtor voluntarily converts this case to a Chapter 7 liquidation case, the case shall stand as dismissed. In light of these conclusions, it is unnecessary to consider whether or not this plan submitted by the Debtor meets or does not meet the requirements of Section 1325(a), Subclause 4 which requires that the plan shall pro-

pose at least as much to unsecured creditors which they would have received in a Chapter 7 liquidation case. Therefore, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, granted, and the case be, and the same is hereby, dismissed unless the Debtor voluntarily converts this Chapter 13 case to a Chapter 7 case within 15 days from the date of this Order.