**In re Gloria Bermudez BAEZ, Debtors.**

**Bankruptcy No. B–88–03148(ESL).**

United States Bankruptcy Court,
D. Puerto Rico.

July 6, 1989.

Lysette Morales Vidal, Caguas, P.R., for debtor.

Victor Gratacos Diaz, Caguas, P.R., for Metropolitana de Prestamos.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE,
Bankruptcy Judge.

This case came before the Court on May 16, 1989 for a hearing to consider the confirmation of debtor's chapter 13 plan and the opposition thereto by secured creditor Metropolitana de Prestamos ("Metropolitana"), and also the motion to lift stay filed by Metropolitana (Index A). Arguments by counsel were heard during the morning and an evidentiary hearing was held during the afternoon. The Court consolidated both issues as it found that the evidence to be presented was substantially the same for the two. After considering the evidence, counsels' arguments and the post hearing memoranda, the Court now enters the following findings of fact and conclusions of law.

### Findings of Fact

The parties have stipulated that the following facts are uncontested.

1. The debtor filed a petition under chapter 13 of the Bankruptcy Code on October 21, 1988.

2. The debtor's chapter 13 plan proposes to pay Metropolitana de Prestamos the amount of $12,013.00, of which $10,340.00 corresponds to principal and $1,673.00 to interest computed at the yearly rate of 10%. The amount will be paid in 36 equal monthly installments.

3. On June 30, 1988 the debtor purchased from Audi Volkswagen de Puerto Rico a 1988 V.W. Jetta, Model 1674V3 for a cash total price of $16,510.00.

4. The 1988 V.W. Jetta was pledged as collateral to a conditional sales contract with Banco Popular de Puerto Rico, which contract was subsequently assigned to movant Metropolitana. The validity of the security agreement is not in question.

5. The debtor has not made any payments to Metropolitana since the filing of the petition.

6. The value of the collateral, that is, the 1988 V.W. Jetta, is less than the balance owed to Metropolitana on its conditional sales contract.

Upon the evidence presented at the hearing, the Court makes the following additional findings of fact:

7. The first payment on the conditional sales contract in the amount of $426.80 was due on August 25, 1988. Thereafter, Ms. Gloria Bermudez had to make 59 monthly payments of $386.00 each.

8. The balance owed to Metropolitana is $23,200.89.

9. The value range of the car is not less than $10,340.00 and not more than $13,500.00.

10. The debtor is a retired registered nurse. Her principal sources of income are retirement and pension benefits.

11. Ms. Gloria Bermudez signed the loan application in blank.

12. Ms. Gloria Bermudez claims that she did not know that the car was so expensive. The Court does not give any credibility to this assertion. Although an individual may not be fully aware of the fine print in a contract, there are certain basic figures which any person knows when buying and financing a car. Definitely, the price and the monthly installments must have been known to the debtor.

## Issues

The issues before the Court are whether or not the stay should be lifted in favor of Metropolitana and whether or not the plan should not be confirmed for lack of good faith under 11 U.S.C. § 1325(a)(3).

## Motion to Lift Stay

Pursuant to Section 362(d) of the Bankruptcy Code, there are two basic grounds in order for a creditor to obtain relief from the automatic stay provisions of Section 362(a). First, for cause (including lack of adequate protection); and, second, with respect to a stay of an act against property, if the debtor does not have an equity in such property and the property is not necessary to an effective reorganization. Pursuant to Section 362(g), the movant has the burden of proof on the issue of equity in the property, and the respondent has the burden on all other issues. The Court finds that movant has established both grounds to lift the stay.

■ Lack of good faith may constitute "cause" to lift the stay under Section 362(d)(1). *Matter of Three Star Telecast, Inc.*, 73 B.R. 270, 273 (Bankr.D.P.R.1987). Moreover, failure to make regular payments to a secured creditor for a substantial period of time also constitutes "cause" to lift the stay. *Matter of Sierra*, 73 B.R. 322, 323 (Bankr.D.P.R.1987). In this case the debtor has not made any payments to Metropolitana. She claims that she did not know that the car was so expensive. The Court does not believe such a statement and does find that debtor never had a serious intention of making payments to the secured creditor on the conditional sales contract. Such an action raises the inference of and denotes lack of good faith. Additionally, the debtor has failed to make *any* payments, that is, no payments for the three (3) months preceding the filing of the bankruptcy petition and for nine (9) months up to the filing of the chapter 13 plan. Although the number of payments is much less than the twenty nine (29) months in *Matter of Sierra*, supra, the fact that not even the initial payment was made, weighs heavily upon this Court's finding that in this case failure to make regular payment to movant does constitute "cause" to lift the stay.

■ Movant has also satisfied the requirements of 11 U.S.C. § 362(d)(2). It is an uncontested fact that there is no equity in the property (see finding of fact number six). On the other hand, debtor/respondent has failed to meet her burden to establish that the car is needed for an effective reorganization. The main source of debtor's income is from retirement and government pensions. Also, she receives help in the amount of $300.00 from her son. The use of a car has not been established as being needed to procure any income to fund the plan. Debtor's testimony that she needs the car as a means of transportation establishes, at best, a convenience, not a necessity. Accordingly, the movant is entitled to have the stay lifted pursuant to 11 U.S.C. § 362(d)(2).

## Confirmation of Chapter 13 Plan

Pursuant to 11 U.S.C. § 1325(a)(3) the Court shall confirm a plan if it has been proposed in good faith and not by any means forbidden by law. The term "good faith" is not defined in the Bankruptcy Code but has been construed as portending that the plan proposes to make meaningful payments to creditors after considering the debtor's entire circumstances. *In re Rim-*

*gale,* 669 F.2d 426, 432 (7th Cir.1982). The Court has an independent duty to determine whether a chapter 13 plan is proposed in good faith. *In re Stein,* 91 B.R. 796 (Bankr.S.D.Ohio 1988). The bankruptcy court's duty in making a "good faith" determination under 11 U.S.C. § 1325(a)(3) is to make a thorough analysis and consideration of the totality of the circumstances. *Matter of Smith,* 848 F.2d 813 (7th Cir. 1988); *In re Doersam,* 849 F.2d 237 (6th Cir.1988); *In re Caldwell,* 851 F.2d 852 (6th Cir.1988). The courts have developed a nonexclusive list of factors to consider when deciding whether a proposed chapter 13 plan complies with the good faith requirement. The Court in *In re Kitchens,* 702 F.2d 885, at 888–889 (11th Cir.1983) listed the following factors:

"(1) the amount of the debtor's income from all sources;

(2) the living expenses of the debtor and his dependents;

(3) the amount of attorney's fees;

(4) the probable or expected duration of the debtor's Chapter 13 plan;

(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;

(6) the debtor's degree of effort;

(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;

(8) special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;

(10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;

(11) the burden which the plan's administration would place on the trustee."

The facts of this case show that the debtor's income from all sources is sufficient to fund the plan; that the debtor's living expenses are modest; that the attorney's fees are reasonable; that the duration of the plan is for 52 months, that is, for almost the maximum of 60 months allowed under 11 U.S.C. § 1322(c); that the debtor has other debts classified under her plan; that the debtor is dedicating all her disposable income to fund the plan; that her income is stable and reliable; that this is the debtor's first bankruptcy filing; and that the plan will not place an undue burden of administration on the trustee. In fact, the trustee has recommended confirmation subject to the Court's ruling on the issues involving secured creditor Metropolitana. On the other hand, the Court finds that there are no inordinate expenses other than the car and that the circumstances upon which the secured debt was incurred with Banco Popular de Puerto Rico, and later assigned to Metropolitana, the movant herein, were surrounded by bad faith since the debtor had no serious intention to make any payments as contracted for. After a careful review of the above, the Court finds that the totality of the circumstances show that debtor's plan does meet, overall, the good faith requirement of 11 U.S.C. § 1325(a)(3).

### Equities of the Case

Clearly, the Court's finding that the stay should be lifted in favor of Metropolitana pursuant to 11 U.S.C. § 362(d), but that the chapter 13 plan does comply with the good faith requirement of 11 U.S.C. § 1325(a)(3), presents an incongruous status. However, the bankruptcy court has broad equity powers to resolve the tension between creditors' rights and debtor's expectancies of rehabilitation. *In re Energy Resources Co., Inc.,* 871 F.2d 223, 230 (1st Cir.1989). The Court will exercise its equity power in this case in order that unfairness may not be done in the administration of debtor's estate. *Pepper v. Litton,* 308 U.S. 295, 304–305, 307–308, 60 S.Ct. 238, 244, 245–46, 84 L.Ed. 281 (1939); *In re Coastal Cable TV, Inc.,* 709 F.2d 762, 764 (1st Cir.1983).

While the debtor should not be allowed "to get out of a contractual obligation voluntarily and willingly undertaken ..." *In re Newsome,* 92 B.R. 941, 943 (Bankr.M.D. Fla.1988); she should not be totally foreclosed from the advantages of a fresh start under a chapter 13 plan. The Court, thus, resolves the tension by staying the decision to lift the stay in favor of Metropolitana

for fifteen (15) days to allow the debtor the opportunity to modify the plan to provide "full payment in accordance with the contract." *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427, 431–432 (6th Cir. 1982). Upon failure to timely comply, the stay will be deemed lifted in favor of Metropolitana.

### Conclusion

In view of the foregoing, the Court hereby

ORDERS that the debtor be and is granted fifteen (15) days to amend the plan to provide payment in full to Metropolitana, that is, $23,200.89; and it is further

ORDERED that upon timely compliance, a hearing on confirmation will be heard on *October 17, 1989 at 11:00 a.m.;* and it is further

ORDERED that upon failure to timely comply, the stay shall be lifted in favor of Metropolitana.

The Clerk shall enter judgment accordingly.

SO ORDERED.